**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,**

v.

**Kenneth COWLEY et al., Respondents.**

**No. B–2628.**

Supreme Court of Texas.

June 9, 1971.

Atchley, Russell, Hutchinson & Waldrop, Howard Waldrop, Texarkana, for petitioner.

Harkness, Friedman & Kusin, B. A. Britt, Jr., Texarkana, for respondents.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This application arises from the consolidated trial of two lawsuits. The first suit was filed against the Cowleys by the Pages seeking damages for injuries arising from an automobile collision in which the vehicles were driven by Mrs. Page and Mrs. Cowley. Since the Pages were uninsured, the Cowleys filed a second suit against their own insurer, State Farm, under the uninsured motorist provisions of their policy. In the consolidated trial only issues concerning Mrs. Page's and Mrs. Cowley's liability and their families' damages were submitted to the jury. The jury found Mrs. Cowley negligent in several respects which proximately caused the Pages' injuries and failed to find any negligence on the part of Mrs. Page. On this verdict the trial court rendered a single judgment awarding damages to the Pages and ordering that the Cowleys take nothing against State Farm under their uninsured motorist coverage. The court of civil appeals reversed this judgment and remanded the cause. Cowley v. Page, 463 S.W.2d 255. Only State Farm is before us on application.

This record reflects no objection made to the trial court's consolidation of these two lawsuits. No assignment of error was made on this point in the Cowleys' motion for new trial, and no point of error was presented to the court of civil appeals. Consequently the trial court's error, if any, in this respect was not preserved for consideration by the court of civil appeals and cannot support that court's judgment of reversal. Rule 324, V.T.R.C.P.; Rule 418, V.T.R.C.P.

However, the court of civil appeals made several other specific holdings in support of its judgment. Of these additional holdings only one is challenged by points of error in this court. This court may consider only those questions of law raised by assignments of error in the application for writ of error. Rule 476, V.T. R.C.P. Unless the error is fundamental, and such is not the case here, the petitioner waives the right to complain of any holding to which no error is assigned. Life Insurance Co. of North America v. First National Bank of Fort Worth, 464 S.W.2d 362 (Tex.1971); City of Deer Park v. State, ex rel. Shell Oil Co., 154 Tex. 174, 275 S.W.2d 77 (1955). Since there are holdings by the court of civil appeals which independently support its judgment remanding the cause and which are not assigned as error in this court, the application for writ of error is refused, no reversible error. Rule 483, V.T.R.C.P. Our action in this respect is not to be understood as approving the holdings of the intermediate court.