The Honorable Frank MONTALVO, Judge, Relator,

v.

The FOURTH COURT OF APPEALS, Respondent.

No. 95–1057.

Supreme Court of Texas.

Nov. 16, 1995.

Frank Montalvo, San Antonio, Sharon E. Callaway, San Antonio, Thomas H. Crofts, Jr., San Antonio, for Relator.

Edward P. Waller, San Antonio, Laura A. Cavaretta, San Antonio, Allan K. DuBois, San Antonio, Karen E. White (McMurry), San Antonio, Leslie A. Benitez, Austin, Frank Herrera, Jr., San Antonio, Adam Poncio, San Antonio, John R. Henderson, Dallas, Marilyn S. Mollet, Dallas, John G. Sams, Irving, Dan K. Horn, Irving, David C. Duggins, Austin, Michael R. Klatt, Austin, Amanda Foote (Schmidt), Austin, for Respondent.

PER CURIAM.

In this original proceeding, the court of appeals conditionally issued a writ of mandamus compelling the trial court to vacate its order setting an abbreviated schedule for hearing a motion to transfer venue. Under the facts of this case, the record does not demonstrate a lack of an adequate remedy on appeal. Thus, mandamus was improper. We conditionally grant the writ of mandamus. We need not decide and express no opinion whether the trial court abused its discretion in entering the order at issue.

The underlying litigation is a personal injury action involving the Norplant contraceptive. The plaintiffs sought to have the case designated as complex under Bexar County District Court Rules of Practice, Procedure and Administration 3.19 and assigned to one judge for all pretrial matters and trial. The trial court took the plaintiffs' motion under advisement pending this Court's decision on a request to consolidate state-wide such litigation in a multi-district proceeding. Later, the trial court entered an order providing that if the case remained in Bexar County, it would be a complex case assigned to Judge Martha Tanner. Additionally, the trial court's order abated all proceedings until the defendants' motions to transfer venue had been heard, at least one of which had been pending for over eighteen months. Its order also set an abbreviated schedule for discovery and hearing of the motions to transfer venue. At the hearing, the trial court made it clear that the venue hearings were to be before the presiding judge and not Judge

Tanner. Objecting to the abbreviated schedule, the plaintiffs sought writ of mandamus directing the trial court to vacate its order. The court of appeals conditionally granted the writ, concluding that restricting the time allotted for and scope of discovery on the venue issues deprived the plaintiffs of an adequate remedy by appeal. That court held that there was not an adequate remedy by appeal because the abbreviated schedule deprived the plaintiffs of the opportunity to fully develop the venue issues before the venue hearing and on appeal.

 Mandamus is an extraordinary remedy and will issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Without this limitation, appellate courts would embroil themselves unnecessarily in incidental pretrial rulings and mandamus would cease to be an extraordinary writ. *Id.* at 842. Generally, improper venue determinations are incidental trial rulings that are correctable on appeal. *Wilson v. Texas Parks & Wildlife Dept,* 886 S.W.2d 259, 261 (Tex.1994). We have held, however, that an appeal will not be adequate where a party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's erroneous discovery ruling, including the denial of discovery. *Able Supply Co. v. Moye,* 898 S.W.2d 766, 772 (Tex.1995); *Walker,* 827 S.W.2d at 843. And the Court has granted mandamus relief where the trial court abused its discretion in failing to afford a party a reasonable opportunity to supplement the venue record before the venue hearing with affidavits and discovery products. *Union Carbide Corp. v. Moye,* 798 S.W.2d 792, 793 (Tex.1990). We conclude that the record in this case, however, does not demonstrate that the trial court's order limiting discovery and setting an abbreviated schedule for a venue hearing left the plaintiffs without an adequate remedy on appeal.

At the hearing on the motion to designate the case as complex, the defendants argued that a determination on certification was premature because it was unclear whether the case would remain pending in Bexar County.

Recognizing that at least one motion to transfer venue had been pending eighteen months, and at the request of one of the defendants to expedite a hearing on venue, the trial court set a shortened schedule for completing discovery related to venue, filing the plaintiffs' response to the motions to transfer, and the hearing. The plaintiffs' only objection to the trial court's ruling was that it was in effect a discovery sanction. They offered no argument or evidence that the limitation on discovery or the abbreviated schedule deprived them of any ability to develop evidence pertinent to the venue issue. Without a showing of such harm, the record is wholly insufficient to establish that the plaintiffs lacked an adequate remedy by appeal. The court of appeals abused its discretion in issuing mandamus without a clear showing that the requirement of an inadequate remedy by appeal had been met by the plaintiffs. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985).

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, a majority of this Court, without hearing oral argument, conditionally grants the writ of mandamus directing the court of appeals to withdraw its order conditionally granting writ of mandamus against the trial court. The writ will issue only if the court of appeals refuses to comply with this opinion.