NO. 07-00-0565-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 22, 2001

______________________________

IN RE: KELLY ROGERS, R.N. AND

KING’S MANOR METHODIST RETIREMENT SYSTEM, INC., RELATORS

_________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Relators Kelly Rogers, R.N. (Rogers), and King’s Manor Methodist Retirement System, Inc. (King’s Manor), in an original proceeding, petition for mandamus relief as to a trial court order (1) ruling that expert witnesses designated by relators would not be allowed to testify at trial, (2) directing that four witnesses answer questions objected to by relators, including questions concerning records produced by the Texas Department of Human Services (TDHS) and the Texas Workforce Commission (TWC), and (3) directing that four witnesses be presented for re-deposing in Dallas, Texas.  We conditionally grant the petition in part.    

BACKGROUND

This matter has previously been before this court in cause No. 07-99-0486-CV, styled In Re Kelly Rogers, R.N., and King’s Manor Methodist Home, Relators, which was also an original proceeding for writ of mandamus (the prior mandamus proceeding).  As noted in our prior unpublished opinion, many of the factual bases for the lawsuit pending as trial court cause No. 85678-B in the 181
st
 District Court (the trial court) are not in dispute.  Naomi Hare (Naomi) was a resident of King’s Manor in April, 1998.  On April 5, 1998, she was determined to have suffered head and other injuries necessitating medical care.  She was transported to a medical facility in Hereford, Texas, from where she was further transported to a hospital in Amarillo.  She died on April 6, 1998.  The TDHS investigated the circumstances surrounding the injuries to Naomi.  
See
 
Tex. Health & Safety Code Ann.
 § 247.043 (Vernon 1992 & Supp. 2001).  Naomi’s injuries and death are the bases of claims in the trial court by Allen M. Hare, as Independent Executor of the Estate of Naomi Hare (Hare).   

In the prior mandamus proceeding we determined that to the extent the trial court directed Rogers to disclose reports or information submitted to the Texas Board of Nurse Examiners (the Board), which reports or information involved the provision or failure to provide professional nursing services, the trial court abused its discretion.  By our opinion dated March 28, 2000, we accordingly, and conditionally, granted mandamus relief in part. 

On November 13, 2000, the trial court held a hearing on various motions filed by the parties.  On December 8, 2000, the trial judge signed an order ruling on the motions.  Part of the order directed that depositions of Rogers, Pat Ancona, R.N. (Ancona), Karen Vessel, R.N. (Vessel), and Joy Bunch (Bunch) be reconvened in the offices of Hare’s attorneys in Dallas, Texas.  The order provided that in accordance with our opinion in the prior mandamus proceeding, reports or communications made directly to the Board regarding Rogers were confidential except that formal charges and the final disciplinary action of the Board were not confidential and could be used in discovery proceedings.  The December 8
th
 order further provided that records obtained from the TDHS and TWC by way of subpoena and open records request were not confidential or privileged, could be used in discovery, and that the witnesses must answer questions regarding the TDHS and TWC records.  The order specifically referenced the TDHS Statement of Violations and Plan of Correction, the TDHS Investigation Report and statements and testimony made to the TWC during an Informal Administrative Telephone Hearing on January 7, 1999.  Finally, as relates to relators’ petition for mandamus relief, the trial court order provided that expert witnesses designated by relators on November 8, 2000, were not timely designated and the witnesses would not be allowed to testify as experts on behalf of relators.         

Relators urge via six issues that the trial court abused its discretion in making its rulings.  First, relators assert that the trial court abused its discretion in striking their timely-designated expert witnesses.  Next, relators allege an abuse of discretion by the trial court in ordering the witnesses to give further deposition testimony and in ordering the witnesses to answer questions (1) already answered, (2) which inquired into non-discoverable matters, (3) as to subject matter previously declared non-discoverable by this court’s opinion in the prior mandamus action and (4) about a proceeding in which one witness was not involved and about which she had no knowledge.  Finally, relators urge that the trial court abused its discretion in ordering the witnesses to give their depositions in Dallas, Texas, which is outside the county in which the suit is pending, the county in which the witness resides, or the county in which the witness is employed or regularly transacts business.  We will address the issues sequentially as presented by relators, but will group some issues for convenience. 

MANDAMUS 

A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no other adequate remedy by law.  
Canadian Helicopters Ltd. v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994). 
If a relator establishes that an abuse of discretion occurred, then to be entitled to mandamus relief, a relator must also demonstrate the second of the two-part requirement for mandamus: that he or she has no adequate remedy at law to redress the harm.  
Walker v. Packer
, 827 S.W.2d  833, 840-42 (Tex. 1992)
.  Merely showing reversible error will not satisfy this requirement.  
In re Masonite Corp.
, 997 S.W.2d 194, 199 (Tex. 1999).  This second requirement is met only when parties are in danger of permanently losing substantial rights if the ruling of the trial court is allowed to stand.  
Canadian Helicopters Ltd.
, 876 S.W.2d at 306.  For example, in discovery matters, a party will not have an adequate remedy by appeal (1) when the appellate court would not be able to cure the trial court error, such as when the trial court orders disclosure of privileged information which will materially affect the rights of the aggrieved party; (2) when the party’s ability to present a viable claim or defense at trial is vitiated or severely compromised by the error; or (3) when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, or the trial court refuses to make it a part of the record and the appellate court is unable to evaluate the effect of the trial court’s error on the record before it.  
Walker
, 827 S.W.2d at 843-44.  The requirement is not satisfied by showing that appeal would involve more expense or delay than obtaining a writ of mandamus.  
Canadian Helicopters Ltd.
, 876 S.W.2d at 306.  An appellate court will not embroil itself in incidental pretrial rulings of a trial court via a mandamus proceeding without proof that a party’s ability to present a viable claim or defense at trial is vitiated or severely compromised by an erroneous ruling.  
Montalvo v. Fourth Court of Appeals
, 917 S.W.2d 1, 2 (Tex. 1995); 
Walker
, 827 S.W.2d at 842-44.  

EXPERT WITNESSES

We have previously denied, without prejudice, immediate temporary relief and an emergency stay sought, in part, by relators because their experts had been stricken and a “death penalty” effectively invoked by the December 8th order.  We denied relief as to the trial court’s ruling concerning expert witnesses because at oral submissions counsel for Hare represented that Hare would not object, on the basis of the December 8th order, to the use by relators of the expert witnesses designated by relators on November 8, 2000.  For the same reasons expressed in our opinion on relators’ Motion for Immediate Temporary Relief and Emergency Stay, much of which we reiterate below, we deny the request for a writ of mandamus on this issue, without prejudice.  

At the November 13, 2000 hearing, attorneys for real party in interest Hare asserted, in part, that the experts designated by relators had not been timely designated and should not be allowed to testify at trial.  The trial judge granted the motion.

By responsive brief and at oral submission before this court, counsel for Hare represented that Hare would not object to testimony of or use at trial of the expert witnesses designated by relators on November 8th, based on the trial court’s order of December 8th, and thus did not oppose that portion of the immediate relief and mandamus relief requested by relators.  Counsel for Hare specifically reserved the right to urge all other bases for excluding the participation of such experts or the testimony of such experts, including but not limited to sanctions being sought via motions pending before the trial court.  

The record of the November 13th hearing reveals that the trial judge excluded the experts designated by relators based on application for relief by Hare because of alleged discovery and disclosure abuses, and not based on 
sua sponte
 action by the trial judge.  Accordingly, we did not previously consider, did not previously determine, do not now consider and do not now determine whether the trial court abused its discretion in entering that part of the order of December 8, 2000, which granted Hare’s request that relators’ experts and their expert testimony be excluded from trial.  Rather, based upon the record and the representations of counsel for Hare, we denied the immediate, temporary relief and emergency stay sought by relators as to that part of the trial court’s order excluding expert witnesses, without prejudice to the re-filing of their application for immediate temporary relief if the trial court did not, prior to commencement of trial, set aside that part of its order which directed that “the witnesses designated as testifying experts on November 8, 2000, will not be permitted to testify as experts for Defendants.”  We now deny relators’ petition for mandamus based on the representations of counsel for Hare, without prejudice to relators’ re-filing of their petition if the trial court does not, prior to trial, set aside that part of its order of December 8, 2000, which directs that “the witnesses designated as testifying experts on November 8, 2000, will not be permitted to testify as experts for Defendants.”  

RE-CONVENING OF DEPOSITIONS

At the hearing of November 13, 2000, the trial court considered three motions filed by Hare seeking to compel answers to deposition questions asked of Rogers and the witnesses Ancona, Vessel and Bunch.  The motions and hearing followed prior motions by Hare requesting the trial court to order the witnesses to answer questions posed to them during depositions, and which the witnesses refused to answer based on instructions from counsel for relators.  The trial court previously ordered the witnesses to furnish verified, written answers to the deposition questions which they refused to answer during depositions, and the witnesses furnished such answers.  The trial court reviewed the written answers and ruled that they were incomplete and capricious.  The order of December 8th overruled the objections of relators to the deposition questions and ordered the witnesses to be produced for re-deposing at the offices of Hare’s counsel in Dallas, Texas.  The order allowed Hare’s counsel 45 minutes to question each witness and allowed counsel for relators 15 minutes to question each witness.  Relators assert the trial court abused its discretion by this part of its order.

The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action.  Rather, it is a question of whether the court acted without reference to any guiding rules and principles.  
Craddock v. Sunshine Bus Lines
, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).  Another way of stating the test is whether the act was arbitrary or unreasonable.  
Smithson v. Cessna Aircraft Co.
, 665 S.W.2d 439, 443 (Tex.1984);  
Landry v. Travelers Insurance Co.
, 458 S.W.2d 649, 651 (Tex.1970).  The mere fact that a trial judge may decide a matter within his or her discretionary authority in a different manner than an appellate judge in a similar circumstance would have decided the matter does not demonstrate that an abuse of discretion has occurred.  
Southwestern Bell Telephone Co. v. Johnson
, 389 S.W.2d 645, 648 (Tex.1965);  
Jones v. Strayhorn
, 159 Tex. 421, 321 S.W.2d 290, 295 (Tex.1959).

Relators do not cite any authority for their assertion that a trial court has no authority to order, and therefore abuses its discretion in ordering, a witness to be re-deposed under these circumstances. The contention is waived by relators’ failure to cite authority for their argument.  
Metzger v. Sebek
, 892 S.W.2d 20, 45 (Tex.App.--Houston [1st Dist.] 1994, writ denied); 
Lewis v. Deaf Smith Elec. Co-op., Inc
., 768 S.W.2d 511, 512-13 (Tex.App.--Amarillo 1989, no writ.).  

But, even if relators had not waived the issue, the trial judge was within his discretion and authority in ordering the witnesses to give further limited depositions.  Tex. R. Civ. P. 192.4, 192.6.
(footnote: 1)  Counsel for relators has consistently taken the position that the witnesses in question are under their control.  The trial judge attempted to avoid ordering further depositions by directing that the witnesses provide written, verified answers to questions not originally answered during depositions.  Our review of the written answers provided by the witnesses and counsel for relators does not yield the conclusion urged by relators that the trial judge abused his discretion  in concluding that the answers were not complete.  Nor does our review lead us to view his conclusion as unreasonable.  
See
 
Smithson
, 665 S.W.2d at 443.  Thus, relators have not proved entitlement to mandamus relief based on this part of their petition.  
See
 
Montalvo
, 917 S.W.2d at 2.  

RECORDS OF TDHS

Relators next urge that the trial court clearly contravened our mandate and opinion in the prior mandamus proceeding by ordering the witnesses to answer deposition questions regarding the TDHS investigation of King’s Manor and reports submitted by TDHS to the Board of Nurse Examiners.  TDHS documents including the intake form, investigation authorization, Investigation Report, Special Report - Referral of to the Board of Nurse Examiners [sic],
(footnote: 2) and Statement of Violation and Plan of Correction were obtained by Hare by open records request and subpoena.  The documents were identified in the deposition of TDHS investigator Michelle Farmer, R.N. (Farmer).  Farmer identified an exhibit from the TDHS documents as a referral of Rogers to the Board of Nurse Examiners.  Farmer prepared the referral report.  Relators argue that because all of the TDHS documents were submitted to the Board of Nurse Examiners in conjunction with the referral report, all the documents are confidential, and that witnesses should not be required to answer questions about any of the documents or the information in them. 

Hare’s response is multifaceted.  He first asserts that the trial court’s order did not conflict with our prior ruling because the TDHS records were not addressed in our prior opinion.  He also urges that the TDHS records are public, are required to be disclosed pursuant to provisions of the Texas Administrative Code, and just because the documents were submitted to the Board of Nurse Examiners, the public nature of the documents is not thereby rescinded and the documents accorded confidential status.  As authority, Hare cites 
Irving Healthcare Sys. v. Brooks
, 927 S.W.2d 12 (Tex. 1996) (original proceeding), 
In re Pack
, 996 S.W.2d 4 (Tex.App.--Fort Worth 1999) (orig. proceeding), and 
Brewer v. Capital Cities/ABC, Inc.
, 986 S.W.2d 636 (Tex.App.--Fort Worth 1998, no pet.).  Next, Hare urges that the records are admissible to impeach the testimony of nursing home witnesses, and cites 
Horizon/CMS Healthcare Corp. v. Auld
, 43 Tex. Sup. Ct. J. 1151, 2000 WL 1199263 (August 24, 2000). 

Our prior opinion, which neither party challenges or urges is not applicable to this controversy, provided that to the extent the trial court’s ruling then under consideration could be read as requiring disclosure of reports or information submitted to the Board and involving the provision or failure to provide professional nursing services, the ruling violated provisions of 
Tex. Occ. Code Ann.
 §§ 301.417 (a) and 301.418 (a), and (b) (Vernon 2001), and amounted to a clear abuse of discretion.  The subsequent trial court order of December 8th overrules relators’ objections to the deposition questions posed to the witnesses, but specifically notes that reports or communications made directly to the Board  regarding Rogers are confidential except for formal charges and the final disciplinary action of the Board.  The order then provides for re-deposing of the witnesses and addresses the TDHS documents.  

Although 
Irving Healthcare Sys.
 addresses peer review issues, the principles enunciated in the opinion are appropriate in determining the extent to which confidentiality attaches to the TDHS documents before us.
(footnote: 3)  To the extent documents were originated for the purpose of making a referral to the Board, the documents and information in them are confidential and are not to be used in the discovery process.  To the extent the documents were originated for a purpose other than making a referral to the Board, the documents and information in them are not confidential and may be used in discovery.  
See
 
Tex. Occ. Code Ann.
 §§ 301.417 (a), 301.418 (a), (b) (Vernon 2001); 
Irving Healthcare Sys.
, 927 S.W.2d at 18.  To the extent the trial court order can be read as authorizing inquiry into or requiring the witnesses to testify about TDHS documents which were originated for the purpose of making a referral to the Board, or information in such documents, the order contravenes statutory provisions, constitutes an abuse of discretion, and warrants mandamus relief.  
See
 
id
.  

We do not find 
Auld
 to require that documents or information be available for impeachment of witnesses during depositions.  In 
Auld
, the Texas Supreme Court determined that witnesses for the defendant nursing home “opened the door” to admission of the nursing home survey reports in question by testifying about them in front of the jury.  
Auld
 dealt with the admissibility of the reports at trial under the particular facts of that case.  In this matter, the trial court reserved ruling on admissibility of the TDHS documents until the time of trial when he would know the circumstances under which the documents were offered.  Hare does not complain that the trial court abused its discretion in making such ruling.  The trial court declined to rule on admissibility of the TDHS records, for impeachment or otherwise, at this stage of the proceedings, and so do we.  
See
 
Montalvo
, 917 S.W.2d at 2.     

TWC RECORDS AND RE-DEPOSING WITNESSES

Relators contend that the trial court clearly abused its discretion in ordering Rogers and witnesses Ancona, Vessel and Bunch to submit to re-deposing and to answer questions concerning statements and testimony presented during a hearing held by the TWC.  The TWC hearing was held to determine Rogers’s eligibility for unemployment benefits following termination of her employment by King’s Manor.  The statements and testimony given during the hearing were evidenced by recordings and transcripts of the hearing.  

Relators do not offer authority for their assertion that the trial court abused its discretion, except to argue that re-deposing witnesses because Hare’s attorneys did not have the TWC records and hearing transcripts at the time of the original depositions is harassing conduct and is clearly precluded by Rule 199.5, comment 4.  Hare does not contest relators’ assertion that Vessel did not participate in the hearing and therefore should not have to answer questions about the hearing and statements or testimony given during the hearing.
(footnote: 4) 

We disagree that a trial court is precluded by Rule 199.5, comment 4, from ordering witnesses to submit to re-deposing merely because the deposing party acquired additional evidence or information through subsequent discovery and seeks to examine the witnesses about the information or evidence.  Rule 192.2 provides that discovery may be taken in any order or sequence.  Rule 192.4 provides that the trial court may limit discovery methods under certain circumstances, one circumstance being if the discovery sought is unreasonably cumulative or duplicative.  The record of the hearing held on November 13th does not support a claim that the trial court clearly abused its discretion in failing to find that re-deposing Rogers and witnesses Ancona and Bunch would be unreasonably cumulative or duplicative.  Relators have not shown entitlement to mandamus relief in regard to the trial court order directing witnesses to answer questions regarding the TWC records.

DEPOSITIONS ORDERED TO BE GIVEN IN DALLAS, TEXAS 

 The trial court’s December 8th order directed that Rogers and witnesses Ancona, Vessel and Bunch appear to give their depositions at the offices of Hare’s counsel in Dallas, Texas.  The order further directed that if one of the witnesses should be available only by subpoena at a distant place, then costs and travel expenses of Hare’s counsel were to be paid by relators.  Relators posit that the order is in contravention of Rule 199.2(b)(2), formerly Rule 201, and the decision of the Texas Supreme Court in 
Wal-Mart, Inc. v. Street
, 754 S.W.2d 153 (Tex. 1988).  

 Suit was filed and pending in Potter County.  At the hearing of November 13th
, it was represented to the trial judge that Ancona was no longer employed by King’s Manor, and that she had moved to Brownsville.  Otherwise, no evidence was presented or representation made to the trial judge as to the residence or place of employment or place of business of the witnesses.  Nor does the record support a conclusion that Dallas was a reasonable place or otherwise convenient for any of the witnesses.  The record of the hearing, therefore, does not support the ordering of Rogers and witnesses Ancona, Vessel and Bunch to appear for deposing in Dallas, Texas.  To the extent that the order of December 8th directs Rogers, Ancona, Vessel and Bunch to appear in Dallas to give their depositions, the order conflicts with a rule of civil procedure, is clearly an abuse of discretion by the trial court, and warrants mandamus relief.  
Id
. at 155; 
see
 Rule 199.2(b)(2). 

CONCLUSION

We conditionally grant the petition for writ of mandamus to the extent that the trial court: (1) authorized the use in discovery of, or ordered Rogers, Ancona, Vessel and Bunch to answer questions about, (a) documents obtained from TDHS which were originated for the purpose of making a report to or providing information to the Board, and which documents, report or information involves the provision of or failure to provide professional nursing services, or (b) information
(footnote: 5) in such documents or reports; and (2) ordered Rogers, Ancona, Vessel and Bunch to appear in Dallas, Texas, to give depositions.  To the extent not granted, the petition is denied.  The denial is without prejudice to relators’ re-filing their petition as to that portion of the December 8th order which precluded the expert witnesses designated on November 8, 2000, from testifying, if the trial court does not modify the order to comply with the representations of Hare’s counsel made during oral submissions, as set out in this opinion.

We anticipate that the trial judge will modify the December 8th order to comply with this opinion.  Writ will issue only if he fails to do so. 

Per Curiam

Publish.     

FOOTNOTES
1:
Further references to the Rules of Civil Procedure will be by reference to “Rule __.”

2:
The document has been redacted to delete the name of the nurse being referred.

3:
The question is not presented to us and 
we express no opinion on whether disclosure of documents or information by the TDHS pursuant to Hare’s open records request and subpoena impairs any confidential or other status of any of the documents or any information contained in the documents.    

4:
Although Hare does not contest relators’ assertions that Vessel’s prior testimony shows she has no knowledge of the TWC proceedings, we do not address the contention.  We may not resolve factual disputes in an original mandamus proceeding.  
Brady v. Fourteenth Court of Appeals
, 795 S.W.2d 712, 714 (Tex. 1990).  Moreover, under this record, the complaint is not one which we deem to be the type of pretrial ruling controversy in which a court of appeals should embroil itself, and we decline to do so.  
Montalvo
, 917 S.W.2d at 2.

5:
The questions of whether information contained in any such documents or reports can be used in discovery if obtained from sources other than the documents or reports themselves, and if so, the permissible extent and manner of the information’s use are not presented.  We express no opinion on such questions.