NO. 07-00-0337-CV



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 14, 2002



______________________________




IN THE MATTER OF THE ESTATE OF


JENCIE BROWN, DECEASED



________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 8431; HONORABLE DAVID MCCOY, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Vera Alma Brown appeals from a take-nothing judgment on her claims to an
undivided community property interest in certain assets of the estate of her former
husband, Jencie Brown, deceased. We affirm.

BACKGROUND

 Appellant Vera Alma Brown married Jencie Brown in 1987. Vera and Jencie
separated in March, 1996. In April, 1997, they were divorced. The divorce decree
approved an Agreement Incident to Divorce which Vera and Jencie had entered into, and
specified that the agreement was made a part of the decree. 

 Jencie died in June, 1998. His will was admitted to probate. Michael Spraggins
was appointed as independent executor of the estate. Vera and Dorothy Chapin, a niece
of Jencie, contested the validity of Jencie's will and his ownership of certain financial
assets listed as part of his estate. Dorothy contested the validity of Jencie's will, and Vera
asserted that some of the property being claimed as property of the estate was subject to
an undivided community property interest she retained from her marriage to Jencie. 

 Dorothy eventually nonsuited her claim that Jencie's will was invalid. The subject
matter of the trial concerned Vera's claims of an undivided community interest in assets
of the estate, and assertions that her property interests had been converted by Spraggins,
individually and as executor of Jencie's estate.

 The case was tried to the court on March 28, 2000. A take-nothing judgment was 
entered. The trial court filed findings of fact and conclusions of law pursuant to Vera's
request. 

 The court's findings of fact included findings (1) that (1) before she married Jencie,
Vera knew that he had accumulated certificates of deposit (CDs) and bank accounts; (2)
during the marriage Jencie continued to own CDs and bank accounts and he purchased
new CDs and bank accounts with interest income or other income earned during the
marriage; (3) Vera requested a divorce from Jencie because Jencie became sick while
they were separated and Vera did not want to be responsible for his medical bills; (4)
before the divorce became final, Jencie removed Vera's name as co-owner or beneficiary
of all financial assets or other property of Jencie's, including CD's and bank accounts; (5)
Jencie was in physical possession of all CDs, checks and instruments in which he had any
interest, including those claimed by Vera in her suit; (6) Vera signed the agreement
incident to divorce with the actual knowledge that CDs were not listed by Jencie; (7) Vera
intended that the agreement incident to divorce and the decree of divorce reflect her
agreement and understanding that she and Jencie each would retain their own separate
property and all community property currently in the possession of each of them; (8) when
the divorce decree between Vera and Jencie was rendered, Jencie had physical control
of his CDs, instruments, and financial assets, including the checks in which Vera claimed
an interest, or Jencie had the power of immediate enjoyment and disposition of such
properties; (9) the divorce decree incorporated the agreement incident to divorce, was not
appealed and became a final judgment. The court's conclusions of law included
conclusions that Vera's claims were barred by res judicata, collateral estoppel, estoppel,
quasi-estoppel, waiver, acceptance of benefits and ratification. Vera did not request any
additional or amended findings or conclusions. 

 By five issues, Vera asserts on appeal that (1) the evidence was legally and
factually insufficient to support the court's finding that the property at issue was separate
property of Jencie; (2) the trial court improperly placed the burden of proof on her to prove
the assets at issue were community property; (3) the trial court applied an incorrect legal
standard in (a) evaluating the evidence and in ruling that the property at issue was not
undivided community property and (b) finding an estoppel against her regarding the
Agreement Incident to Divorce; (4) the trial court erred in its conclusion of law that the
Agreement Incident to Divorce and the divorce decree awarded to Jencie the property at
issue; and (5) the trial court erred in its conclusion of law that Vera was barred from
recovery by res judicata, collateral estoppel, waiver, acceptance [sic] and ratification. 

LAW

 If the judgment of the trial court rests upon two or more independent grounds, the
appellant must challenge each ground on appeal, or the judgment must be affirmed as
resting upon a ground not brought forward as error. See State Farm Mut. Auto. Ins. Co.
v. Cowley, 468 S.W.2d 353, 354 (Tex. 1971). 

 Statements of issues or points on appeal will be treated as covering every
subsidiary question that is fairly included. See Tex. R. App. P. 38.1(e). If an appellate
issue fairly includes a challenge to the trial court's ruling or basis for the judgment, a
proper appellate challenge further requires argument for the appellate contention made,
with appropriate citations to authorities and to the record. See Tex. R. App. P. 38.1(h); In
re Rogers, 43 S.W.3d 20, 26 (Tex.App.--Amarillo 2001) (orig. proceeding); Knie v. Piskun,
23 S.W.3d 455, 460 (Tex.App.--Amarillo 2000, pet. denied); Lewis v. Deaf Smith Elec.
Co-op., Inc., 768 S.W.2d 511, 512-13 (Tex.App.--Amarillo 1989, no writ).

ESTOPPEL 

 Issue three is Vera's only issue challenging the trial court's conclusion that her
claims were barred by estoppel. Insofar as it challenges Jencie's estoppel plea, issue
three states that the trial court erred in "finding an estoppel against Appellant regarding
the Agreement Incident to Divorce." Yet, she cites no authority as to estoppel, makes no
reference to elements of estoppel, and does not reference estoppel in her argument. 

 In the argument under her issue five, Vera makes mention of "estoppel." Issue five
itself, however, challenges the trial court's conclusions that Vera's claims are barred by
res judicata, collateral estoppel, waiver, acceptance [sic] and ratification; all of which are
specific conclusions of the trial court. Issue five does not set out a challenge to estoppel
as a ground for the judgment. The argument under issue five does not cite authority as
to estoppel, does not make reference to elements of estoppel, and does not discuss
estoppel apart from the conclusory reference to the theory in the first sentence of the
argument. 

 Vera's reference to collateral estoppel does not serve to challenge, as a subsidiary
issue, estoppel as a basis for the judgment. As Vera notes in challenging collateral
estoppel as a proper basis for the judgment, collateral estoppel is a doctrine of issue
preclusion. See Quinney Elec., Inc. v. Kondos Entertainment, Inc., 988 S.W.2d 212, 213
(Tex. 1999). Collateral estoppel generally applies when the issue or fact was (1) fully and
fairly litigated in the previous action, (2) essential to the judgment in the previous action,
and (3) the parties were cast as adversaries in the prior litigation. Id. The purpose of the
doctrine of estoppel, on the other hand, is to prevent parties from asserting inconsistent
positions that result in injury as well as to protect those who have been misled by false or
inconsistent statements on which they relied. See Robinson v. Robinson, 961 S.W.2d
292, 301 (Tex.App.--Houston [1st Dist.] 1997, no writ). To the extent that Vera challenges
the trial court's conclusion that her claims were barred by estoppel, she presents nothing
for review. See In re Rogers, 43 S.W.3d at 26; Knie, 23 S.W.3d at 460; Lewis, 768
S.W.2d at 512-13. 

QUASI-ESTOPPEL 

 The doctrine of quasi-estoppel operates to bar one person from asserting, to
another's disadvantage, a right inconsistent with a position previously taken by the first
person. See Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd., 817 S.W.2d 160, 164
(Tex.App.--Houston[14th Dist.] 1991, no writ). The doctrine does not require proof of a
false representation by the person against whom the doctrine is asserted, or detrimental
reliance on the part of the person asserting the doctrine. See id. And, even though the
doctrine is said to encompass such related doctrines as acceptance of benefits and
ratification, quasi-estoppel is not confined to those concepts. See id. 

 Among the bases for the judgment were the trial court's separate conclusions that
Vera's claims were barred by acceptance of benefits, ratification and quasi-estoppel. Vera
does not by any issue challenge the trial court's conclusion that her claims were barred
by the doctrine of quasi-estoppel. She does not reference quasi-estoppel in the argument
portion of any issue, cite any authority as to quasi-estoppel, discuss the elements of quasi-estoppel, or reference any challenge to findings of fact supporting such defense. Thus,
she has neither challenged quasi-estoppel as a ground for the trial court's judgment, see
Cowley, 468 S.W.2d at 354, nor presented the issue for our review. See In re Rogers, 43
S.W.3d at 26; Knie, 23 S.W.3d at 460; Lewis, 768 S.W.2d at 512-13. 


CONCLUSION

 Vera has not challenged the issue of quasi-estoppel as a basis for the judgment. 
She has not presented the doctrines of estoppel and quasi-estoppel for appellate review. 
Accordingly, we are mandated to, and do, affirm the judgment. 

 

 Phil Johnson

 Justice




Do not publish. 
















1. The trial court made numerous findings of fact. Our partial enumeration of the
findings does not correspond to the numbering of the findings by the trial court. 


e" Name="Light Grid Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00049-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



SEPTEMBER
20, 2010

 



 

LARRY MICHAEL LEAL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 20,034-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

After a jury trial, appellant Larry
Michael Leal was convicted of the offense of aggravated assault.[1]  Punishment was assessed by the jury at life
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice. His court‑appointed appellate counsel
has filed a motion to withdraw and an Anders[2]
brief. We will grant counsel's motion to withdraw and affirm the judgment of
the trial court.

Appellants indictment included two
enhancement paragraphs, setting forth his two previous final felony aggravated
assault convictions. Evidence at trial showed that an off-duty Amarillo police
officer intervened when appellant stopped his vehicle in the street, and argued
with and then began to choke a woman accompanying him.  During his encounter with the officer,
appellant picked up a football-sized rock, battered the vehicle with it, then walked toward the officer with the rock lifted over his
head.  Testimony showed appellant
continued toward the officer even after he drew his service weapon and ordered
appellant to drop the rock.  In addition
to testimony from the officer, his wife and other witnesses, the jury heard
some of the events described through a recording of the 911 call the officer
made during the encounter, which occurred at night in the front yard of the
officers home.  Testimony also showed
appellant was intoxicated.

The jury found appellant guilty of
the indicted offense, aggravated assault, and sentenced appellant to life
imprisonment.  The trial court certified
appellant=s right to appeal and this appeal
followed.

Thereafter, appellant's appointed
appellate counsel filed a motion to withdraw and a brief in support pursuant to
Anders in which she certifies that she has diligently reviewed the
record and, in her professional opinion, under the controlling authorities and
facts of the cases, there is no reversible error or legitimate ground on which
a non-frivolous appeal can arguably be predicated.  The brief discusses in detail the procedural
history of the case and the events at trial. Counsel discusses the applicable
law and sets forth the reasons she believes there are no arguably meritorious
issues on which to appeal.  Counsel has
certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of his right
to review the record and file a pro se response. Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco
1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant filed a response raising seven issues.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record in each matter.  Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.BSan Antonio 1997,
no pet.).  If this Court determines the appeal arguably
has merit, we will remand it to the trial court for appointment of new
counsel.  Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

By
her Anders brief, counsel raises
grounds that could possibly support an appeal, but explains why none show
reversible error.  She concludes the
appeal is frivolous. Appellant also raises several issues.  We have reviewed each ground and made an
independent review of the entire record to determine whether there are any
arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe
v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005). We
have found no such arguable grounds supporting a claim of reversible error, and
agree with counsel that the appeal is frivolous.  

Accordingly, we grant counsel's
motion to withdraw[3] and affirm the judgment
of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.  











[1]  See Tex. Penal Code Ann. ' 22.02(a)(2)
(Vernon Supp. 2005).  The indictment
contained the allegation appellant used or exhibited a deadly weapon during the
offense.





[2]  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.
493 (1967); see In re Schulman, 252 S.W.3d
403 (Tex.Crim.App. 2008).





[3] Counsel shall, within five days after the opinion is handed down, send
her client a copy of the opinion and judgment, along with notification of the
defendant=s right to file a pro se
petition for discretionary review.  Tex.
R. App. P. 48.4.