NO. 07-00-0337-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 14, 2002

_____


IN THE MATTER OF THE ESTATE OF
JENCIE BROWN, DECEASED

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 8431; HONORABLE DAVID MCCOY, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Vera Alma Brown appeals from a take-nothing judgment on her claims to an undivided community property interest in certain assets of the estate of her former husband, Jencie Brown, deceased. We affirm.

BACKGROUND

Appellant Vera Alma Brown married Jencie Brown in 1987. Vera and Jencie separated in March, 1996. In April, 1997, they were divorced. The divorce decree

approved an Agreement Incident to Divorce which Vera and Jencie had entered into, and specified that the agreement was made a part of the decree.

Jencie died in June, 1998. His will was admitted to probate. Michael Spraggins was appointed as independent executor of the estate. Vera and Dorothy Chapin, a niece of Jencie, contested the validity of Jencie's will and his ownership of certain financial assets listed as part of his estate. Dorothy contested the validity of Jencie's will, and Vera asserted that some of the property being claimed as property of the estate was subject to an undivided community property interest she retained from her marriage to Jencie.

Dorothy eventually nonsuited her claim that Jencie's will was invalid. The subject matter of the trial concerned Vera's claims of an undivided community interest in assets of the estate, and assertions that her property interests had been converted by Spraggins, individually and as executor of Jencie's estate.

The case was tried to the court on March 28, 2000. A take-nothing judgment was entered. The trial court filed findings of fact and conclusions of law pursuant to Vera's request.

The court's findings of fact included findings[1] that (1) before she married Jencie, Vera knew that he had accumulated certificates of deposit (CDs) and bank accounts; (2) during the marriage Jencie continued to own CDs and bank accounts and he purchased

---

[1]The trial court made numerous findings of fact. Our partial enumeration of the findings does not correspond to the numbering of the findings by the trial court.

new CDs and bank accounts with interest income or other income earned during the marriage; (3) Vera requested a divorce from Jencie because Jencie became sick while they were separated and Vera did not want to be responsible for his medical bills; (4) before the divorce became final, Jencie removed Vera's name as co-owner or beneficiary of all financial assets or other property of Jencie's, including CD's and bank accounts; (5) Jencie was in physical possession of all CDs, checks and instruments in which he had any interest, including those claimed by Vera in her suit; (6) Vera signed the agreement incident to divorce with the actual knowledge that CDs were not listed by Jencie; (7) Vera intended that the agreement incident to divorce and the decree of divorce reflect her agreement and understanding that she and Jencie each would retain their own separate property and all community property currently in the possession of each of them; (8) when the divorce decree between Vera and Jencie was rendered, Jencie had physical control of his CDs, instruments, and financial assets, including the checks in which Vera claimed an interest, or Jencie had the power of immediate enjoyment and disposition of such properties; (9) the divorce decree incorporated the agreement incident to divorce, was not appealed and became a final judgment. The court's conclusions of law included conclusions that Vera's claims were barred by res judicata, collateral estoppel, estoppel, quasi-estoppel, waiver, acceptance of benefits and ratification. Vera did not request any additional or amended findings or conclusions.

By five issues, Vera asserts on appeal that (1) the evidence was legally and factually insufficient to support the court's finding that the property at issue was separate

3

property of Jencie; (2) the trial court improperly placed the burden of proof on her to prove the assets at issue were community property; (3) the trial court applied an incorrect legal standard in (a) evaluating the evidence and in ruling that the property at issue was not undivided community property and (b) finding an estoppel against her regarding the Agreement Incident to Divorce; (4) the trial court erred in its conclusion of law that the Agreement Incident to Divorce and the divorce decree awarded to Jencie the property at issue; and (5) the trial court erred in its conclusion of law that Vera was barred from recovery by res judicata, collateral estoppel, waiver, acceptance [sic] and ratification.

## LAW

If the judgment of the trial court rests upon two or more independent grounds, the appellant must challenge each ground on appeal, or the judgment must be affirmed as resting upon a ground not brought forward as error. See State Farm Mut. Auto. Ins. Co. v. Cowley, 468 S.W.2d 353, 354 (Tex. 1971).

Statements of issues or points on appeal will be treated as covering every subsidiary question that is fairly included. See Tex. R. App. P. 38.1(e). If an appellate issue fairly includes a challenge to the trial court's ruling or basis for the judgment, a proper appellate challenge further requires argument for the appellate contention made, with appropriate citations to authorities and to the record. See Tex. R. App. P. 38.1(h); In re Rogers, 43 S.W.3d 20, 26 (Tex.App.--Amarillo 2001) (orig. proceeding); Knie v. Piskun,

23 S.W.3d 455, 460 (Tex.App.--Amarillo 2000, pet. denied); Lewis v. Deaf Smith Elec. Co-op., Inc., 768 S.W.2d 511, 512-13 (Tex.App.--Amarillo 1989, no writ).

ESTOPPEL

Issue three is Vera's only issue challenging the trial court's conclusion that her claims were barred by estoppel. Insofar as it challenges Jencie's estoppel plea, issue three states that the trial court erred in "finding an estoppel against Appellant regarding the Agreement Incident to Divorce." Yet, she cites no authority as to estoppel, makes no reference to elements of estoppel, and does not reference estoppel in her argument.

In the argument under her issue five, Vera makes mention of "estoppel." Issue five itself, however, challenges the trial court's conclusions that Vera's claims are barred by res judicata, collateral estoppel, waiver, acceptance [sic] and ratification; all of which are specific conclusions of the trial court. Issue five does not set out a challenge to estoppel as a ground for the judgment. The argument under issue five does not cite authority as to estoppel, does not make reference to elements of estoppel, and does not discuss estoppel apart from the conclusory reference to the theory in the first sentence of the argument.

Vera's reference to collateral estoppel does not serve to challenge, as a subsidiary issue, estoppel as a basis for the judgment. As Vera notes in challenging collateral estoppel as a proper basis for the judgment, collateral estoppel is a doctrine of issue preclusion. See Quinney Elec., Inc. v. Kondos Entertainment, Inc., 988 S.W.2d 212, 213

5

(Tex. 1999). Collateral estoppel generally applies when the issue or fact was (1) fully and fairly litigated in the previous action, (2) essential to the judgment in the previous action, and (3) the parties were cast as adversaries in the prior litigation. Id. The purpose of the doctrine of estoppel, on the other hand, is to prevent parties from asserting inconsistent positions that result in injury as well as to protect those who have been misled by false or inconsistent statements on which they relied. See Robinson v. Robinson, 961 S.W.2d 292, 301 (Tex.App.--Houston [1st Dist.] 1997, no writ). To the extent that Vera challenges the trial court's conclusion that her claims were barred by estoppel, she presents nothing for review. See In re Rogers, 43 S.W.3d at 26; Knie, 23 S.W.3d at 460; Lewis, 768 S.W.2d at 512-13.

## QUASI-ESTOPPEL

The doctrine of quasi-estoppel operates to bar one person from asserting, to another's disadvantage, a right inconsistent with a position previously taken by the first person. See Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd., 817 S.W.2d 160, 164 (Tex.App.--Houston[14th Dist.] 1991, no writ). The doctrine does not require proof of a false representation by the person against whom the doctrine is asserted, or detrimental reliance on the part of the person asserting the doctrine. See id. And, even though the doctrine is said to encompass such related doctrines as acceptance of benefits and ratification, quasi-estoppel is not confined to those concepts. See id.

6

Among the bases for the judgment were the trial court's separate conclusions that Vera's claims were barred by acceptance of benefits, ratification and quasi-estoppel. Vera does not by any issue challenge the trial court's conclusion that her claims were barred by the doctrine of quasi-estoppel. She does not reference quasi-estoppel in the argument portion of any issue, cite any authority as to quasi-estoppel, discuss the elements of quasi-estoppel, or reference any challenge to findings of fact supporting such defense. Thus, she has neither challenged quasi-estoppel as a ground for the trial court's judgment, see Cowley, 468 S.W.2d at 354, nor presented the issue for our review. See In re Rogers, 43 S.W.3d at 26; Knie, 23 S.W.3d at 460; Lewis, 768 S.W.2d at 512-13.


CONCLUSION


Vera has not challenged the issue of quasi-estoppel as a basis for the judgment. She has not presented the doctrines of estoppel and quasi-estoppel for appellate review. Accordingly, we are mandated to, and do, affirm the judgment.


Phil Johnson
Justice


Do not publish.

7