NO. 07-03-0389-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 4, 2003


______________________________



IN RE GUY LEDBETTER
,




 Relator

_________________________________


 

 ORIGINAL PROCEEDING 


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Pending before this court is the pro se motion of Guy Ledbetter for a writ of
mandamus. He asks that we direct ". . . the Honorable 50th Judicial District Court of Cottle
County, Texas to honor and comply by releasing . . . records to Relator." The records
alluded to are those developed in the prosecution of Cause No. 2734, styled State v.
Ledbetter. Furthermore, the records purportedly are sought to enable him to pursue post-judgment habeas relief. The petition of Ledbetter is denied for the following reasons.

 First, the petition does not comply with the applicable rules of appellate procedure. 
That is, Ledbetter failed to verify the factual statements in his petition and to incorporate
a statement of the case or a statement of the issues presented. (1) Tex. R. App. P. 52.3. Also
missing is an appendix containing a "certified or sworn copy of . . . [the] document[s]
showing the matter complained of." Id. In this case, the matters complained of would be
the various motions he allegedly filed in an attempt to secure the records in question. 

 Second, mandamus cannot issue against a trial judge unless the relator establishes
that the judge clearly abused his discretion in acting upon a matter. In re Rogers, 43
S.W.3d 20, 24 (Tex. App. --Amarillo 2001, no pet.). Furthermore, this standard is not met
until the complainant illustrates that the trial judge had a legal duty to perform a
non-discretionary act, was asked to perform the act, and failed or refused to do so. 
O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992). Here, Ledbetter failed
to illustrate that the record developed in conjunction with his criminal prosecution was or
is in the possession or under the control of either the 50th Judicial District Court of Cottle
County or the judge of that court. Indeed, according to statute, the clerk of the district
court has custody of and maintains the records relating to or deposited with the clerk. Tex.
Gov't Code Ann. §51.303(a) (Vernon 1998). Such records would undoubtedly include
those instruments pertaining to the initiation and filed during the prosecution of a criminal
proceeding. This is so because it is from that governmental entity which we obtain the
indictment, docket sheet, jury charge, judgment, and like items when assuring the
development of an appellate record. See Tex. R. App. P. 34.5(a) & 35.3(a). Similarly, the
official court reporter, not the trial judge, is burdened with the duty to transcribe court
proceedings and furnish transcripts of those proceedings to others. Tex. Gov't Code Ann.
§52.046(a)(5). And, it is with the court reporter that one applies for a copy of the particular
transcript. Id. §52.047(a). Given these circumstances, we cannot say Ledbetter proved
that the target of his writ had a legal duty to provide him the records sought.

 Accordingly, the petition for writ of mandamus is denied.

 

 Brian Quinn 

 Justice 










 
1. A pro se litigant is required to comply with the rules of appellate procedure. Holt v. F. F.
Enterprises, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).