NO. 07-03-0389-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 4, 2003
_____

IN RE GUY LEDBETTER,

Relator
_____

***ORIGINAL PROCEEDING***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Pending before this court is the *pro se* motion of Guy Ledbetter for a writ of mandamus. He asks that we direct ". . . the Honorable 50th Judicial District Court of Cottle County, Texas to honor and comply by releasing . . . records to Relator." The records alluded to are those developed in the prosecution of Cause No. 2734, styled *State v. Ledbetter*. Furthermore, the records purportedly are sought to enable him to pursue post-judgment habeas relief. The petition of Ledbetter is denied for the following reasons.

First, the petition does not comply with the applicable rules of appellate procedure. That is, Ledbetter failed to verify the factual statements in his petition and to incorporate a statement of the case or a statement of the issues presented.[1] TEX. R. APP. P. 52.3. Also missing is an appendix containing a "certified or sworn copy of . . . [the] document[s]

_____

[1]A *pro se* litigant is required to comply with the rules of appellate procedure. *Holt v. F. F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).

showing the matter complained of." *Id*. In this case, the matters complained of would be the various motions he allegedly filed in an attempt to secure the records in question.

Second, mandamus cannot issue against a trial judge unless the relator establishes that the judge clearly abused his discretion in acting upon a matter. *In re Rogers,* 43 S.W.3d 20, 24 (Tex. App. --Amarillo 2001, no pet.). Furthermore, this standard is not met until the complainant illustrates that the trial judge had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992). Here, Ledbetter failed to illustrate that the record developed in conjunction with his criminal prosecution was or is in the possession or under the control of either the 50th Judicial District Court of Cottle County or the judge of that court. Indeed, according to statute, the clerk of the district court has custody of and maintains the records relating to or deposited with the clerk. TEX. GOV'T CODE ANN. §51.303(a) (Vernon 1998). Such records would undoubtedly include those instruments pertaining to the initiation and filed during the prosecution of a criminal proceeding. This is so because it is from that governmental entity which we obtain the indictment, docket sheet, jury charge, judgment, and like items when assuring the development of an appellate record. *See* TEX. R. APP. P. 34.5(a) & 35.3(a). Similarly, the official court reporter, not the trial judge, is burdened with the duty to transcribe court proceedings and furnish transcripts of those proceedings to others. TEX. GOV'T CODE ANN. §52.046(a)(5). And, it is with the court reporter that one applies for a copy of the particular transcript. *Id.* §52.047(a). Given these circumstances, we cannot say Ledbetter proved that the target of his writ had a legal duty to provide him the records sought.

Accordingly, the petition for writ of mandamus is denied.


Brian Quinn
Justice