# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

—————————
## NO. 03-08-00093-CV
—————————

**In re Rhett Webster Pease**

—————————
### ORIGINAL PROCEEDING FROM LEE COUNTY
—————————

### M E M O R A N D U M   O P I N I O N

On February 13, 2008, relator Rhett Webster Pease filed an "Emergency Motion and Notice of Constitutional Crisis and Request for Relief in the form of a Writ of Mandamus and a Writ of Prohibition."[1] The Office of the Attorney General of Texas filed a response on March 24, 2008. For the reasons that follow, we deny relator's emergency motion and his petition seeking writs of mandamus and prohibition.

"In mandatory venue mandamus actions, we look only to whether the trial court clearly abused its discretion in ruling upon the motion." *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). "A trial

---

[1] In this proceeding, Pease also filed "Appellant's Notice of Violation of Automatic Stay by the Lee County District Clerk and the Texas Attorney General" and "Appellant's Emergency Motion and Notice of Constitutional Crisis and Request to Set Aside a Void Order." Pease further has filed interlocutory appeals from cause number 12,380 in the 21st District Court of Lee County that were dismissed for lack of jurisdiction. *See Pease v. Texas Att'y Gen.*, No. 03-07-00432-CV, slip op. at 1 (Tex. App.—Austin March 20, 2008, no pet. h.) (mem. op.); *Pease v. Texas Att'y Gen.*, No. 03-07-00704-CV, slip op. at 1 (Tex. App.—Austin Jan. 8, 2008, no pet.) (mem. op.). On February 12, 2008, Pease filed an additional notice of interlocutory appeal with this Court appealing an order denying change of venue, an order regarding cash bond, and an order for capias.

court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Walker*, 827 S.W.2d at 839 (citation omitted). A writ of prohibition issues to protect the subject matter of an appeal or to prohibit unlawful interference with the enforcement of a superior court's judgments or orders. *See* Tex. Gov't Code Ann. § 22.221(a) (West 2004); *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682-83 (Tex. 1989).

In 2003, relator was divorced from his wife Janell Pease, and relator was ordered to pay $443.75 per month in child support. He appealed the divorce decree, and this Court affirmed the judgment. *See Pease v. Pease*, No. 03-03-00644-CV, 2004 Tex. App. LEXIS 8258, at *1 (Tex. App.—Austin 2004, no pet.) (mem. op.). In 2005, the Attorney General filed a motion for enforcement of relator's child support obligations, and the trial court signed an order enforcing relator's obligations and rendering an arrearage judgment of $6,156.23 against relator. The order also found relator in contempt for failure to pay the court-ordered support and ordered him committed to the county jail for 180 days. Relator did not appeal this order.

In 2006, the Attorney General filed another motion for enforcement of relator's child support obligations. Relator was served on January 17, 2007, and filed numerous pleadings including a motion to transfer venue on July 10, 2007.[2] After a hearing on September 20, 2007, in which relator did not appear, the trial court denied relator's motion to transfer venue. Thereafter,

---

[2] Relator attempted to file on February 21, 2007, a document titled "Apology to the Court and Notice of Inability to Pay." The district clerk marked the document "received" apparently because relator had been adjudged a vexatious litigant and prohibited from filing court documents without the permission of the presiding administrative judge. Since then, however, relator has filed numerous pleadings with the trial court including an answer, counterclaim and jury demand, motion to disqualify, motion for temporary orders pending appeal, and several notices of removal to federal court.

2

after a hearing in January 2008 on the motion for enforcement, the trial court ordered the issuance

of a capias, authorizing the arrest of relator and providing his release upon the posting of a cash bond

in the amount of $2,800. Relator's commencement of this original proceeding followed.

In this proceeding, relator contends that the trial court abused its discretion in denying

relator's motion to transfer venue, that the trial court is interfering with this Court's jurisdiction, and

that he has no adequate remedy by appeal. Relator contends that the Attorney General and the trial

court are violating an "automatic stay" because of his appeal to this Court.[3] Relator also contends

that the 2003 final divorce decree "is void and has always been void."

As to the denial of relator's motion to transfer venue, under the family code, in a

suit to enforce an order that is filed in the court of continuing, exclusive jurisdiction, on a party's

timely motion, a court must transfer the suit to another county if the children have resided in the

other county for six months or longer. Tex. Fam. Code Ann. § 155.201(b) (West Supp. 2007). For

a motion to be timely, it must be filed by the first Monday after the twentieth day after service

of citation or notice of suit or before the commencement of the hearing, whichever date is sooner.

*Id*. § 155.204(b) (West Supp. 2007). Relator was served with the motion for enforcement in

January 2007, setting the deadline for filing his motion to transfer venue in February 2007. Relator

did not file his motion until July 2007, five months later. Because relator's motion to transfer venue

---

[3] Relator also raises numerous other complaints, including that this matter was removed to federal court. This Court has addressed most of these complaints in one of his other appeals. In any event, we need not address these additional issues because relator has waived these complaints by failing to provide authority and record support for his contentions. *See* Tex. R. App. P. 52.3(h); *In re Rogers*, 43 S.W.3d 20, 26 (Tex. App.—Amarillo 2001, orig. proceeding) (contentions in mandamus waived by failure to cite authority).

was untimely, the trial court did not have a mandatory duty to grant the motion. Relator also did not appear for the hearing on the motion. We conclude that the trial court did not abuse its discretion in denying relator's venue motion.[4]

Relator also contends that the trial court is interfering with this Court's jurisdiction because his appeal to this Court automatically stayed the enforcement proceeding in the trial court. Under the family code, however, an appeal does not suspend an order unless the appellate court or the court that rendered the order suspends the order. *Id*. § 109.002(c) (West 2002). Because neither the trial court nor this Court has suspended any order pending appeal, relator's appeal has not resulted in the suspension of the trial court's order or the enforcement proceeding.

Finally, as to relator's contention that the 2003 divorce decree is void, appellant unsuccessfully appealed from the divorce decree, raising the issue that the decree should be rendered void. *See Pease*, 2004 Tex. App. LEXIS 8258, at *1-4. He, therefore, had an adequate remedy by appeal, precluding mandamus relief in this proceeding. *Packer*, 827 S.W.2d at 839.

Relator's motion for emergency relief and petition for writs of mandamus and prohibition are denied. *See* Tex. R. App. P. 52.8(a).

---

[4] Relator contends that he was prevented from filing his motion to transfer venue timely because the clerk would not file his pleadings. According to the district clerk's testimony, relator was allowed to file documents with the district clerk after obtaining permission from the chief administrative judge. Relator does not contend that he sought permission from the administrative judge at any time prior to filing his motion to transfer venue or that he attempted to file during the window of time that would have made his motion timely.

4

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed:   April 3, 2008