WATSON ELECTRIC SUPPLY COMPANY, Appellant,

v.

William WARREN, Jr. et al., Appellees.

No. 6058.

Court of Civil Appeals of Texas, Waco.

March 31, 1980.

Rehearing Denied April 24, 1980.

Geoffrey C. Price, Law Offices of Don L. Baker, Austin, for appellant.

George Dulany, Dulany & Holle, Belton, for appellees.

## OPINION

JAMES, Justice.

This is a suit upon a sworn account. Plaintiff-Appellant Watson Electric Supply Company originally filed this suit in Travis County, Texas, against Defendant A. M. Fox, "doing business as F and W Electric", and Defendant-Appellee William Warren, Jr., also "doing business as F and W Electric", seeking to recover the alleged balance due of $12,319.00 for "goods, services, wares, and merchandise" allegedly sold by Plaintiff to Defendants; and in addition thereto, Plaintiff sought recovery of $4,000.00 attorney's fees under the provisions of Article 2226, Vernon's Texas Civil Statutes.

Defendant-Appellee Warren filed a plea of privilege to be sued in Bell County, Texas, the alleged county of his residence, which plea was not controverted by Plain-

tiff; whereupon, the Travis County District Court ordered Plaintiff's cause of action against Warren severed from that against Fox, sustained Warren's plea of privilege, and thereby transferred the cause against Warren to Bell County, Texas.

Plaintiff's cause against Fox remained in Travis County and resulted in a default judgment against Fox in the total sum of $17,097.83 which included Plaintiff's principal claim of $12,319.00 plus interest accrued to the date of judgment, plus an award of attorney's fees in the amount of $4,000.00.

Plaintiff-Appellant Watson Electric then proceeded to trial in Bell County against Defendant-Appellee Warren. Trial was had before the court without a jury, after which the trial court entered judgment in favor of Plaintiff-Appellant Watson Electric against Defendant-Appellee Warren in the amount of $13,353.77, same representing Plaintiff's principal claim of $12,319.00 plus interest to the date of judgment; however, the trial court denied the Plaintiff any recovery of attorney's fees in this cause against Defendant-Appellee Warren. No findings of fact or conclusions of law were requested of or made by the trial court.

Plaintiff Watson Electric appeals from said judgment, contending that Plaintiff is entitled to recovery of a judgment for attorney's fees against Warren under Article 2226. Defendant-Appellee Warren to the contrary asserts that Plaintiff-Appellant is not entitled to a judgment for attorney's fees under Article 2226, for the stated reason that there is no evidence to the effect that Plaintiff made a presentment of its claim to Defendant Warren at least 30 days prior to judgment. We agree with Defendant-Appellee that there is no evidence in this record of a presentment of this claim to Defendant Warren at least 30 days prior to judgment, and thereby affirm the trial court's judgment.

Plaintiff filed sworn pleadings alleging a sworn account, which account was offered by Plaintiff and admitted into evidence by the trial court. Plaintiff's pleadings contained allegations to the effect the claim

had been presented to the Defendants more than 30 days prior to the filing of suit. Defendant Warren's pleadings consisted of an unsworn answer, which included a general denial.

After the sworn account was admitted into evidence, the only remaining evidence offered by Plaintiff consisted of testimony by Plaintiff's attorney concerning the nature of and the amount of legal services which said attorney performed in behalf of his client, the Plaintiff-Appellant. (After this testimony, the Defendant offered into evidence a certified copy of the Travis County judgment in behalf of Watson Electric against Fox.) During such testimony by Plaintiff's counsel, said attorney stated that, "we sent a demand letter to an address given to us for the company called F. and W. Electric_____." Later on in the trial, when the lawyers were discussing Defendant's motion for instructed verdict, Plaintiff's attorney made the following statement, which we have considered as part of his testimony as opposed to argument: "Furthermore, the account documents attached to Plaintiff's Original Petition herein contain a statement of account sent by my client to F. and W. Electric at their business address."

This is the only evidence to the effect that Plaintiff made a presentment of its claim to Defendant. Neither the contents of the "demand letter", nor the letter itself is in evidence. In any event, the record is silent as to when such "demand letter" or the "statement of account" was sent to F. and W. Electric Co., to the end that we have no way of knowing whether or not either was sent at least 30 days prior to judgment.

Article 2226 in its pertinent parts provides:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, . . . or suits founded upon a sworn account or accounts, . . . may present the same to such persons or corporation . . .; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. . . . ."

The unsworn answer filed by Defendant-Appellee Warren, although legally insufficient to put in issue the matters relating to the action on sworn account, was legally sufficient to controvert Plaintiff-Appellant's action to recover reasonable attorney's fees. The allegation that Plaintiff was entitled to recover attorney's fees was contested by Defendant's unsworn general denial; therefore, the burden was on Plaintiff not only to *plead* presentment of its claim but also to *prove* presentment of such claim to Defendant at least 30 days prior to the date judgment was rendered. *Gateley v. Humphrey* (1952) 151 Tex. 588, 254 S.W.2d 98; *El Paso Moulding and Mfg. Co. v. Southwest Forest Industries, Inc.* (El Paso Tex.Civ.App.1973) 492 S.W.2d 331, NRE; *Harvey v. Pedigo Oil Co.* (Ft. Worth Tex.Civ.App.1977) 557 S.W.2d 167, NRE; *Edinburg Meat Products Co. v. Vernon Co.* (Corpus Christi Tex.Civ.App.1976) 535 S.W.2d 432, no writ. Presentment or demand may be made either before or after suit is filed, but the filing of suit is not a demand within the terms of the statute. A specific demand or presentment must be made. *Huff v. Fidelity Union Life Ins. Co.* (1958) 158 Tex. 433, 312 S.W.2d 493; *Stafford v. Brennan* (Corpus Christi Tex.Civ. App. 1973) 498 S.W.2d 703, no writ. In other words, in order for Plaintiff-Appellant to be entitled to attorney's fees under Article 2226, the burden is on Plaintiff to plead and prove presentment and failure to pay for 30 days.

In the case at bar, Plaintiff-Appellant *pleaded* presentment and failure on part of Defendant to pay for 30 days; however, Plaintiff-Appellant's proof is vague and sketchy concerning the fact of presentment, and there is no proof whatever to the effect that there was a failure on the part of Defendant-Appellee to pay for 30 days or more after such presentment and prior to judgment. Here, the trial court filed no

findings of fact or conclusions of law; therefore, any implied findings having support in the evidence are presumed in support of the trial court's judgment. In the case at bar, the trial court as the trier of fact had the right to find from this record that Plaintiff's presentment of claim, if made, was not made at least 30 days prior to judgment. In this regard, Plaintiff-Appellant failed to meet its burden of proof; therefore, the trial court's judgment denying attorney's fees was proper, and we accordingly affirm said judgment.

AFFIRMED.

HALL, Justice, concurring.

Plaintiff's attorney testified in part as follows: "First thing our office did was when we received communication from an agent of Watson Electric Supply Company, the plaintiff here, that they wished us to represent them—we received a letter from Watson Electric Supply Company. At that time, we sent a demand letter to an address given to us for the company called F. & W. Electric, and we acknowledged to Watson Electric Supply that we would represent them in this matter. . . . and [after subsequent negotiations with defendant's attorney] we reported the developments to date to our client, and recommended to them that a lawsuit be filed. We communicated further with our client regarding documentation for a lawsuit. They, after hearing our advice, sent documentation to us and we prepared plaintiff's original petition and filed it against two defendants at that time, Mr. Warren and Mr. Fox."

The demand letter referred to in the testimony just recited as having been sent prior to the filing of plaintiff's original petition is the only demand letter relied upon by plaintiff, and it is the one discussed in the majority opinion. It is undisputed in the record that plaintiff's original petition was filed several months prior to the day of judgment. Accordingly, contrary to the majority's holding, there *is* evidence that the demand relied upon by plaintiff was made more than 30 days prior to the judgment, in satisfaction of the requirements of Article 2226.

The real issue in the case on the demand question (the issue recognized by the trial judge and the one argued to him by the parties) is not whether the demand actually made was timely, but is whether demand on "the company called F. & W. Electric" (as testified to by plaintiff's attorney) was demand upon defendant Watson. When the parties were arguing defendant's motion for judgment on the element of attorney's fees, defendant's attorney told the court "There is no evidence that William Warren ever received notice of this claim, and absence of notice to William Warren prior to thirty days from today, then under Article 2226, no attorney's fees are recoverable . . . There is no evidence in this record at all that there was ever any notice given to William Warren with reference to this claim." Plaintiff's attorney responded "We would submit there is evidence of written notice. First, I did testify we made demand upon the business named F. & W. Electric at the address that our client had for such business, and would point out that Mr. Warren has not denied under oath that he was doing business as F. & W. Electric . . . ." Defendant's attorney then said "It [article 2226] specifically says persons or corporations which means that there has to be notice to that person that you are intending to make a claim against."

Rule 28, Vernon's Tex.Rules Civ.Proc., contains these provisions: "Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right." Plaintiff did not sue defendant Warren under his assumed name, but, as shown in the majority opinion, defendant was sued individually under his *common* name. Article 2226 requires that the 30-day demand for payment be presented to "such persons or corporations" sued or an agent thereof. This article is penal in nature and must be strictly construed. *Tenneco Oil Co. v. Padre Drilling Co.*, (Tex.1970) 453 S.W.2d 814, 818. I

would therefore hold that the demand letter sent by plaintiff to "F. & W. Electric Company," the assumed name under which defendant was doing business, was not a sufficient presentment against defendant to support a recovery of attorney's fees in a suit against him individually and not against him under the assumed name, within the meaning of article 2226.

For the reasons stated, I concur in affirming the judgment.