**Melvin LEWIS, Appellant,**

v.

**DEAF SMITH ELECTRIC COOPERATIVE, INC.,** Appellee.

No. 07–88–0169–CV.

Court of Appeals of Texas, Amarillo.

April 13, 1989.

Frank Gaston, Plainview, for appellant.

Witherspoon, Aikin & Langley and Charles M. Moore, Hereford, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellee Deaf Smith Electric Cooperative, Incorporated (the cooperative) instituted a suit upon a sworn account against appellant Melvin Lewis, who appeals from an adverse judgment rendered upon a jury verdict. In that judgment, the cooperative was awarded $13,103.58 on account, prejudgment and post-judgment interest, and attorney's fees. With two points of error, appellant contends that the evidence is insufficient to establish the cooperative's entitlement to attorney's fees, because (1) the instant action was one for a breach of contract and not upon a sworn account; and (2) no demand letter was sent more than thirty days prior to trial.

With two cross points, the cooperative contends that (1) this appeal was taken for delay and without sufficient cause, arguing that this Court should impose a 10% penalty against Lewis; and (2) this Court should award it $1,500 attorney's fees for the instant appeal. For the reasons expressed, we will overrule Lewis' two contentions, sustain cross point one, and affirm the judgment of the trial court.

Restated, appellant, in his first point, says "[t]he jury is contrary to the evidence in that there was insufficient evidence before the jury of a sworn account." His supporting argument, consisting of two sentences containing three and one-third

type-written lines, contains no reference to the record, nor does it cite any supporting authorities. Such a presentation, consisting only of a general argument with no citation of any authority to support the point, is not in minimal compliance with appellate briefing rules. Accordingly, this point is waived. *Essex Crane Rental v. Striland Const. Co., Inc.*, 753 S.W.2d 751, 756 (Tex.App.—Dallas 1988, writ denied); *Benham v. Benham*, 726 S.W.2d 618, 621 (Tex.App.—Amarillo 1987, writ ref'd n.r.e.); Tex.R.App.P. 74(f).

By his second point of error, appellant briefly contends that the jury verdict is contrary to the evidence, arguing only that the evidence was inadequate because there was no written demand letter sent more than thirty days prior to trial. His only cited authority for that proposition is *Watson Elec. Supply Co. v. Warren*, 597 S.W. 2d 538 (Tex.Civ.App.—Waco 1980, no writ).

The present statute specifying the requisites for recovery of attorney fees in a case such as this is Texas Civil Practice and Remedies Code Annotated section 38.002 (Vernon 1986). As relevant here, that section requires that the claimant must be represented by counsel, the claimant must present the claim to the opposing party or a duly authorized agent thereof, and payment for the just amount owed must not have been tendered before the expiration of the thirtieth day after the claim is presented. As is evident, the question presented here is whether the claim was properly presented to appellant. Parenthetically, we note that these requirements are essentially the same as those provided in former Texas Revised Civil Statutes Annotated article 2226 and decisions rendered under that article are relevant and applicable to this case.

██ It is, therefore, well established that no specific form of presentment is required. *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex.1981); *Huff v. Fidelity Union Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493, 500 (1958). Indeed, in these cases, various forms of presentment were referenced with approval, including (1) an oral demand for payment; (2) a response to a request for an admission that a party refused to pay a claim; and (3) a written request for payment.

In support of his truncated argument that a written presentment is required, appellant cites only *Watson Elec. Supply Co. v. Warren*, 597 S.W.2d at 538, the holding of which is inapposite to his contention. The actual holding of that case is that in order to recover attorney fees, a claimant must both plead and prove presentment of its claim at least thirty days prior to the date judgment was rendered, which, the Court said, was not done in that case. *Id.* at 540. In its decision, the Court did not discuss the requisites of a proper presentment. Indeed, the same Court earlier, in *King Optical v. Auto. Data Processing, etc.*, 542 S.W.2d 213, 217 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.), specifically held that an oral presentment for payment was sufficient.

██ In this case, the evidence showed that Joe Kerr, an employee of appellee, called appellant about the delinquent $13,-000 bill sometime in October 1985. On that occasion, Kerr asked appellant when he planned to pay the bill and asked him to sign a note if he was having difficulty in paying it. Appellant testified that he told Kerr that he did not have the money because he did not owe that amount, his contention being that he only owed about $4,300. Charles Moore, the cooperative's attorney, testified about the amount and reasonableness of his fees. The case was tried on May 24, 1988. Thus, the record shows that Kerr made an oral demand, Lewis failed to pay the bill within thirty days of the 1985 demand, and the cooperative was represented by counsel. This is sufficient to satisfy all statutory requirements. Consequently, we overrule appellant's second point of error.

In its first cross point, appellee seeks the penalty for frivolous appeal prescribed by Texas Rule of Appellate Procedure 84. In pertinent part, that rule provides:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part

of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant.

Rule 84 is derived from Texas Rule of Civil Procedure 438 (repealed) which contained mandatory language stating that if the court found an appeal was taken for delay, it *shall* award ten percent on the amount in dispute as damages. (emphasis ours) Rule 84 no longer contains this mandatory language, but otherwise contemplates the purposes for assessing damages in the same manner as the previous rule. *Triland Inv. Group v. Tiseo Paving Co.*, 748 S.W.2d 282, 285 (Tex.App.—Dallas 1988, no writ).

Thus, before an appellate court may assess damages under Rule 84, it must find that the appeal was taken for delay and without sufficient cause. *Bainbridge v. Bainbridge*, 662 S.W.2d 655, 657 (Tex.App.—Dallas 1983, no writ). In making these findings, the Court must review the case from the point of view of the advocate and determine whether he had reasonable grounds to believe the case would be reversed. *Triland Inv. Group v. Tiseo Paving Co.*, 748 S.W.2d at 285; *Mid-Continent Cas. Co. v. Whatley*, 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ).

In appellant's brief, he makes only a cursory reference to one page of the statement of facts. The statement of the case portion of his brief consists of only three sentences. The statement, argument, and authorities section under his first point contains only two sentences, is without references to authority on the record and is only tenuously related to the stated point of error. The statement, argument and authorities portion under his second point consists of three sentences, one reference to the record, and a citation to a single case, which does not stand for the proposition argued. Although appellee's brief was filed on December 12, 1988, no attempt has been made to respond to the cross points. Moreover, although oral argument was scheduled at appellant's request, his counsel failed to appear without any explanation or prior notification to this Court.

In summary, we can only conclude that this appeal was taken for delay and without sufficient cause. As Chief Justice Guittard of the Dallas Court of Appeals noted in the *Bainbridge* opinion:

An appeal should not be taken, however, to delay execution of the judgment or to prolong the litigation in the hope of obtaining a more favorable result through negotiation. Besides the damage to the appellee, such an appeal requires judicial time and effort that would be better spent on meritorious cases.

662 S.W.2d at 657–58. Appellee's first cross point is sustained and we will award appellee the ten percent penalty provided by the rule.

In its second cross point, appellee asks us to award it $1,500 attorney fees for the instant appeal as provided in the trial court judgment. Our affirmance of that judgment obviates the necessity for discussion of that cross point.

Accordingly, the judgment of the trial court is affirmed, with ten percent ($1,310.85) of the judgment awarded to appellee as damages pursuant to Texas Rule of Appellate Procedure 84.