NO. 07-08-0013-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 31, 2009



______________________________





LARRY HOWARD, APPELLANT



v.



MAVIS HARRELL, CATHY HARRELL, FARMERS INSURANCE GROUP,

AUSTIN BRIDGE AND ROAD, INC., DEREK DARNELL, AND

TEXAS DEPARTMENT OF TRANSPORTATION, APPELLEES



_________________________________



FROM THE 66TH DISTRICT COURT OF HILL COUNTY;



NO. 44104; HON. A. LEE HARRIS, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ. 
Memorandum Opinion
          Appellant, Larry Howard, pro se, appeals a take nothing judgment entered against
him in a negligence claim brought against appellees, Mavis and Cathy Harrell; summary
judgments granted in favor of appellees, Farmers Insurance Group, Austin Bridge and
Road, Inc., and Derek Darnell; and a dismissal based on a plea to the jurisdiction in favor
of appellee, Texas Department of Transportation. We affirm.
Background
          On January 20, 2004, a two-car accident occurred in which Mavis Harrell’s vehicle
rear-ended Howard’s vehicle. The accident occurred at a point on Highway 171, near
Cleburne, Texas, where construction was being performed. As Howard approached the
construction area, he did not see the flagman, Derek Darnell,


 until he was about 15 feet
away. At about that same time, Howard noticed that vehicles were coming toward him
from the other direction, so he slammed on his brakes to avoid hitting the oncoming traffic. 
The vehicle being driven by Mavis Harrell collided with the back of Howard’s vehicle.
          On January 18, 2006, Howard filed suit against the appellees to this appeal alleging
that each was negligent and that the negligent acts of each defendant was a proximate
cause of damages he sustained. After all defendants answered, Farmers Insurance Group
filed a motion for summary judgment alleging, inter alia, that it was not a proper party to the
suit because Harrell was insured by Farmers Texas County Mutual Insurance Company,
rather than Farmers Insurance Group, at the time of the accident. On April 24, 2006, the
trial court granted Farmers Insurance Group’s summary judgment. TxDOT filed a plea to
the jurisdiction and motion for summary judgment alleging, inter alia, that Howard had
failed to state a claim for which governmental immunity has been waived and had failed
to provide notice of his claim, as required by statute. Darnell, Austin, and TxDOT then filed
a no-evidence motion for summary judgment alleging that Howard could provide no
evidence that any of these defendants breached a legal duty owed to Howard, any breach
of duty proximately caused the accident, or Howard sustained damages as a result of the
negligence of these defendants. On August 8, 2007, the trial court granted TxDOT’s plea
to the jurisdiction. On August 15, 2007, the trial court granted summary judgment in favor
of Darnell and Austin. Thus, by the time Howard’s suit was called for trial on September
10, 2007, the only remaining claims were Howard’s claims of negligence against Mavis and
Cathy Harrell.
          Following trial of these remaining claims, a jury found that Cathy Harrell was not
negligent, but that both Howard and Mavis Harrell were. The jury also found that Howard’s
negligence was 51 percent of the cause of the accident and that Mavis Harrell’s negligence
was 49 percent of the cause. On September 24, 2007, the trial court entered judgment on
the verdict, ordering that Howard take nothing by his claims. Howard filed a motion for new
trial, which was denied by the trial court on October 15, 2007. Howard timely filed his
notice of appeal.
          By his appeal, Howard presents 16 issues and 5 points of error. Howard’s “points“
are: (1) Mavis Harrell was negligent, (2) the trial court erred in dismissing Howard’s claims
against TxDOT on the basis of governmental immunity, (3) the trial court erred in granting
summary judgment in favor of Darnell and Austin, (4) the trial court erred in granting
summary judgment in favor of Farmers Insurance Group, and (5) the clerk’s record on
appeal is not complete.
 
Analysis
          We start our analysis by noting that Howard is appealing pro se. Texas courts do
not maintain separate sets of procedural rules for litigants with counsel and for litigants
representing themselves. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex.
1978); Clemens v. Allen, 47 S.W.3d 26, 28 (Tex.App.–Amarillo 2000, no pet.). Pro se
litigants are held to the same standards as licensed attorneys and must comply with
applicable laws and rules of procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834-35
(Tex.App.–Amarillo 1997, no writ).
          As noted above, Howard presents 16 “issues” in his appellate brief. However,
Howard presents no specific argument relating to the 16 issues presented. As such, those
issues that are not otherwise raised within his five “points” are waived as inadequately
briefed. See Tex. R. App. P. 38.1(h); Lewis v. Deaf Smith Elec. Coop., Inc., 768 S.W.2d
511, 512-13 (Tex.App.–Amarillo 1989, no writ). 
1. Mavis Harrell’s Negligence
          By his first “point,” Howard contends that Mavis Harrell was negligent and that her
negligence was a proximate cause of the accident at issue in this appeal.


 The jury agreed
with Howard and found that Mavis Harrell was negligent. The jury further found that Mavis
Harrell’s negligence was a cause of the accident. However, the jury found that Howard’s
negligence was 51 percent responsible for causing the accident. Under the doctrine of
proportionate responsibility, a claimant may not recover damages if his percentage of
responsibility is greater than 50 percent. Tex. Civ. Prac. & Rem. Code Ann. § 33.001
(Vernon 2008).


 According to the judgment, it is on this basis that the trial court ordered
that Howard take nothing by his claim against Mavis Harrell. 
          The majority of Howard’s argument concerning his first point argues that Mavis
Harrell was negligent and that her negligence was a proximate cause of the accident. 
However, as previously noted, the jury made findings that Mavis Harrell was negligent and
that her negligence was a proximate cause of the accident. Howard’s only challenge to the
dispositive jury finding, that his negligence was 51 percent responsible for the accident, is
that “It has been held that a driver may be justified in stopping his vehicle on a road way
(sic) if he acts prudently, as where[,] under existing conditions[,] he is compelled to stop
to avoid conflict with traffic or to comply with traffic control signals[.]”



          The jury is afforded wide latitude in allocating responsibility for an accident under
section 33.003. N. Am. Van Lines, Inc. v. Emmons, 50 S.W.3d 103, 126
(Tex.App.–Beaumont 2001, pet. denied). Even if the evidence could support a different
percentage allocation of responsibility, an appellate court may not substitute its judgment
for that of the jury. Id. Thus, even if this Court may think that a different allocation is more
reasonable, we will not disturb the jury findings unless we find that there is insufficient
evidence to support the findings. Id.
          In the present case, evidence was presented to the jury that, upon approaching the
construction site, Howard was distracted by the construction activities and that he was not
paying attention to the road ahead of him because he was watching bridge beams being
set. Howard testified that he did not see the flagman until his vehicle was approximately
15 feet from the flagman. The flagman testified that he was signaling for Howard to stop
his vehicle at that time. Evidence was presented to the jury that Howard stopped suddenly,
including Howard’s own testimony that he hit his brakes as hard as he could.
          We cannot conclude that this evidence establishes, as a matter of law, that Howard
acted prudently in the manner in which he stopped his vehicle in the roadway on the
occasion in question. Further, we cannot conclude that the jury’s allocation of
responsibility is so against the great weight and preponderance of the evidence as to
require reversal. As such, we cannot say that there was insufficient evidence to support
the jury’s finding of the allocation of responsibility between the parties. Therefore, we
overrule Howard’s first point.
2. TxDOT’s Governmental Immunity
          By his second point, Howard contends that the trial court erred in dismissing his
negligence claims against TxDOT because TxDOT had actual notice of the claim and a
premises defect claim is authorized under the Texas Tort Claims Act. Howard contends
that TxDOT had actual notice of his claims because an incident report was prepared by a
City of Cleburne Police Officer. Howard also contends that his pleadings asserted a claim
for liability for a premises defect against TxDOT. 
          A governmental unit is entitled to receive notice of a claim against it no later than
six months after the day that the incident giving rise to the claim occurred. § 101.101(a). 
The notice must reasonably describe the damage or injury claimed, the time and place of
the incident, and the facts of the incident. Id. However, such notice is not required if the
governmental unit has actual notice of the death of, injury to, or damage to property owned
by the claimant. See § 101.101(c). 
          Howard does not contend that he gave formal notice of his claim to TxDOT and the
record includes no evidence that Howard gave formal notice of his claim to TxDOT, as
required by section 101.101(a). Rather, Howard contends that the incident report prepared
by the City of Cleburne Police Officer was sufficient to provide TxDOT with actual notice
of his claim. Howard, however, does not explain how a city police incident report could be
said to have provided actual notice of a claim to TxDOT, a state agency. Further, even if
the incident report were deemed to have provided actual notice to TxDOT, it does not
notice a death, injury to Howard, or damage to Howard’s property. The incident report, a
copy of which is contained in the record, indicates that no party to the accident was killed
or injured and further indicates that both vehicles were driven from the scene. In fact, the
report’s only indication that property damage was sustained is that the “yes” box is checked
beside the question, “In your opinion, did this accident result in at least $1,000.00 damage
to any one person’s property?” At best, this indicates that there was property damage
caused by the accident, but nothing in this statement can be said to provide TxDOT with
actual notice that the claimant’s property had been damaged. Further, notice of injury or
property damage is insufficient to provide actual notice of a claim unless the governmental
unit also has “a subjective awareness that its fault produced or contributed to the claimed
injury [or damage].” Tex. Dep’t of Crim. Justice v. Simons, 140 S.W.3d 338, 347-48 (Tex.
2004). Thus, we conclude that the trial court did not err in dismissing Howard’s claim
against TxDOT for his failure to provide the statutorily required notice.
          However, because the trial court dismissed Howard’s claims against TxDOT by
granting a plea to the jurisdiction, we must consider whether, at the applicable time,
Howard’s failure to give TxDOT notice was jurisdictional. In 2004, the Texas Supreme
Court held that a claimant’s failure to comply with section 101.101's notice requirement
does not deprive the trial court of subject matter jurisdiction and cannot be properly
asserted in a plea to the jurisdiction. See Univ. of Tex. Sw. Med. Ctr. at Dallas v.
Loutzenhiser, 140 S.W.3d 351, 364 (Tex. 2004). This holding was subsequently
superseded by statute when the legislature amended section 311.034 of the Texas
Government Code to provide that, “Statutory prerequisites to a suit, including the provision
of notice, are jurisdictional requirements in all suits against a governmental entity.” See
Tex. Gov’t Code Ann. § 311.034 (Vernon Supp. 2008). However, the amendment did not
become effective until September 1, 2005 and the legislature did not provide for retroactive
application. Tex. Tech Univ. Health Scis. Ctr. v. Lucero, 234 S.W.3d 158, 165-66
(Tex.App.–El Paso 2007, pet. denied).
          In the present case, the “day that the incident giving rise to the claim occurred” was
January 20, 2004. § 101.101(a). Thus, Howard was required to give notice of his claim
within 6 months of that date, or July 20, 2004. Because Howard’s notice was due prior to
the September 1, 2005 effective date of the amendment to Texas Government Code
section 311.034, TxDOT’s assertion of a lack of proper notice was a defense to the suit
that could have been properly asserted in a motion for summary judgment, but the lack of
notice did not deprive the trial court of subject matter jurisdiction and was an improper
basis for granting a plea to the jurisdiction. Thus, to the extent that the trial court dismissed
Howard’s claims against TxDOT on the basis of his failure to comply with section 101.101
depriving the trial court of jurisdiction, the trial court erred.
          However, in its plea to the jurisdiction, TxDOT also asserted that governmental
immunity has not been waived as to the claims asserted by Howard and that this would
justify the trial court’s granting of the plea. TxDOT contends that the trial court lacked
subject matter jurisdiction because Howard failed to plead facts that affirmatively
demonstrate the trial court’s subject matter jurisdiction. Whether a pleading alleges facts
sufficient to demonstrate the trial court’s subject matter jurisdiction is a question of law that
is reviewed de novo. See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004). In reviewing the granting of a plea to the jurisdiction, we must liberally
construe the pleadings in favor of the plaintiff and take the facts pled as true. See
Westbrook v. Penley, 231 S.W.3d 389, 405 (Tex. 2007).
          In Texas, the doctrine of sovereign immunity deprives a trial court of subject matter
jurisdiction for lawsuits in which the state or certain governmental units have been sued
unless the state consents to the suit. Miranda, 133 S.W.3d at 224. It is the plaintiff’s
burden to plead and prove that governmental immunity has been waived. See Liberty Mut.
Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex.App.–Austin 1994, writ denied). The Texas
Tort Claims Act provides a limited waiver of governmental immunity for certain causes of
action. § 101.025. One such cause of action for which a waiver has been granted is
certain claims for premises defects. See § 101.021(2). The elements of proof for a claim
asserted under section 101.021(2) are determined by whether the condition is a premises
defect or a special defect. § 101.022. However, whether the claim is for a premises or
special defect, the plaintiff must prove that the condition of the premises created an
unreasonable risk of harm, the owner failed to exercise ordinary care to protect the
claimant from danger, and the owner’s failure was a proximate cause of injury to the
claimant. See Wharton County v. Genzer, No. 13-06-078-CV, 2007 Tex.App. LEXIS 9873,
at *9 (Tex.App.–Corpus Christi 2007, no pet.) (memo. op.) (citing State Dep’t of Highways
& Pub. Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992)).
          In the present case, Howard pled that TxDOT is liable for a premises defect
because it failed to properly post warning signs about the roadwork and supervise Austin
and Darnell in the performance of their duty to warn motorists of the roadway obstruction. 
Howard contends that the construction area constituted an unreasonably dangerous
condition for which TxDOT owed a duty to use reasonable care, caution, and prudence in
warning motorists of the danger. Howard also contends that TxDOT’s breach of this duty
was the proximate cause of his physical injuries and property damage sustained as a result
of the accident.
          Nothing in Howard’s pleading identifies facts that would, if taken as true, subject
TxDOT, a governmental agency, to suit. Each of Howard’s allegations relating to TxDOT
are legal conclusions unsupported by facts which would allow this Court or the trial court
to assess whether the premises created an unreasonable risk of harm, TxDOT failed to
exercise ordinary care to protect Howard from danger, and TxDOT’s failure to exercise
reasonable care was a proximate cause of Howard’s injuries.


 Thus, we conclude that
Howard has failed to “allege facts that affirmatively demonstrate the court’s jurisdiction to
hear the cause.” Miranda, 133 S.W.3d at 226. Accordingly, we conclude that the trial
court did not err in dismissing Howard’s claims against TxDOT for want of jurisdiction. As
such, we overrule Howard’s second point.
3. Austin’s Negligence
          By his third point, Howard contends that the trial court erred in granting summary
judgment in favor of Austin.


 Austin’s motion for summary judgment contended that there
was no evidence that Austin breached a duty of care, Austin was a proximate cause of the
accident, and Howard sustained damages as a result of any act or omission of Austin.
          After adequate time for discovery, a party may move for a summary judgment as to
all or any part of a lawsuit on the basis that there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden of proof
at trial. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially a pretrial
directed verdict and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. See Roth v. FFP
Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied). We
review the evidence in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and
inferences. See Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997);
Roth, 994 S.W.2d at 195. A no-evidence summary judgment is improperly granted if the
non-movant presents more than a scintilla of probative evidence to raise a genuine issue
of material fact as to the element on which the motion is based. Id. More than a scintilla
of evidence exists when such evidence rises to a level that would enable reasonable and
fair-minded persons to differ in their conclusions. Id. Less than a scintilla of evidence
exists to support a fact when the evidence is so weak as to do no more than create a mere
surmise or suspicion of the fact. See Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.
1983). 
          In the present case, the only evidence admitted prior to the trial court’s ruling on
Austin’s motion was the City of Cleburne Police accident report. Nothing in this document
establishes that Austin owed Howard a duty, Austin breached this duty, Howard sustained
injuries or property damage, or Austin’s negligence caused any damages suffered by
Howard. In fact, the accident report makes no reference to Austin. In response to Austin’s
motion for summary judgment, Howard filed a “motion to quash” defendants’ summary
judgment. In this motion to quash, Howard repeatedly cites a transcript of a deposition of
Darnell. However, the deposition transcript cited by Howard is not part of the appellate
record and does not appear to have been filed with the trial court before it ruled on the
summary judgment motion.
          Because there was no evidence presented to the trial court, after adequate time for
discovery, that Austin breached a duty of care, Austin was a proximate cause of the
accident, and Howard sustained damages as a result of any act or omission of Austin, we
affirm the trial court’s grant of summary judgment in favor of Austin and overrule Howard’s
third point.
4. Farmers Insurance Group’s Negligence
          By his fourth point, Howard appears to contend that the trial court erred in granting
summary judgment in favor of Farmers Insurance Group. This point, however, fails to cite
any authority nor provide any substantive discussion of how the trial court erred.


 As a
result, we deem this point to have been waived. See Knie v. Piskun, 23 S.W.3d 455, 460
(Tex.App.–Amarillo 2000, pet. denied); Lewis, 768 S.W.2d at 512-13.
5. Completeness of Clerk’s Record
          By his fifth point, Howard contends that the clerk’s record was not filed, is missing,
or the judge is hiding it. Howard contends that he has filed three requests for files to be
sent to this Court. However, the clerk’s record in this case was filed on January 9, 2008. 
Further, a supplemental clerk’s record was filed on June 6, 2008. Because the appellate
record includes what appears to be a complete clerk’s record and because Howard has not
specified the nature of his complaint regarding the clerk’s record, we overrule Howard’s
fifth point.
Conclusion
          Having found no error in the trial court’s rulings in this cause, we affirm the trial
court’s judgment. 
 
Mackey K. Hancock

Justice