NO. 07-08-0013-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 31, 2009

_____


LARRY HOWARD, APPELLANT

v.

MAVIS HARRELL, CATHY HARRELL, FARMERS INSURANCE GROUP,
AUSTIN BRIDGE AND ROAD, INC., DEREK DARNELL, AND
TEXAS DEPARTMENT OF TRANSPORTATION, APPELLEES

_____

FROM THE 66TH DISTRICT COURT OF HILL COUNTY;

NO. 44104; HON. A. LEE HARRIS, PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**Memorandum Opinion**


Appellant, Larry Howard, *pro se*, appeals a take nothing judgment entered against

him in a negligence claim brought against appellees, Mavis and Cathy Harrell; summary

judgments granted in favor of appellees, Farmers Insurance Group, Austin Bridge and

Road, Inc., and Derek Darnell; and a dismissal based on a plea to the jurisdiction in favor

of appellee, Texas Department of Transportation.  We affirm.

Background

On January 20, 2004, a two-car accident occurred in which Mavis Harrell's vehicle rear-ended Howard's vehicle. The accident occurred at a point on Highway 171, near Cleburne, Texas, where construction was being performed. As Howard approached the construction area, he did not see the flagman, Derek Darnell,[1] until he was about 15 feet away. At about that same time, Howard noticed that vehicles were coming toward him from the other direction, so he slammed on his brakes to avoid hitting the oncoming traffic. The vehicle being driven by Mavis Harrell collided with the back of Howard's vehicle.

On January 18, 2006, Howard filed suit against the appellees to this appeal alleging that each was negligent and that the negligent acts of each defendant was a proximate cause of damages he sustained. After all defendants answered, Farmers Insurance Group filed a motion for summary judgment alleging, *inter alia*, that it was not a proper party to the suit because Harrell was insured by Farmers Texas County Mutual Insurance Company, rather than Farmers Insurance Group, at the time of the accident. On April 24, 2006, the trial court granted Farmers Insurance Group's summary judgment. TxDOT filed a plea to the jurisdiction and motion for summary judgment alleging, *inter alia*, that Howard had failed to state a claim for which governmental immunity has been waived and had failed to provide notice of his claim, as required by statute. Darnell, Austin, and TxDOT then filed a no-evidence motion for summary judgment alleging that Howard could provide no

---

[1] Darnell was an employee of appellee, Austin Bridge and Road, Inc. (Austin), at the time of the accident. Austin was doing contract work for appellee, Texas Department of Transportation (TxDOT), on Highway 171 at the time of the accident.

evidence that any of these defendants breached a legal duty owed to Howard, any breach of duty proximately caused the accident, or Howard sustained damages as a result of the negligence of these defendants. On August 8, 2007, the trial court granted TxDOT's plea to the jurisdiction. On August 15, 2007, the trial court granted summary judgment in favor of Darnell and Austin. Thus, by the time Howard's suit was called for trial on September 10, 2007, the only remaining claims were Howard's claims of negligence against Mavis and Cathy Harrell.

Following trial of these remaining claims, a jury found that Cathy Harrell was not negligent, but that both Howard and Mavis Harrell were. The jury also found that Howard's negligence was 51 percent of the cause of the accident and that Mavis Harrell's negligence was 49 percent of the cause. On September 24, 2007, the trial court entered judgment on the verdict, ordering that Howard take nothing by his claims. Howard filed a motion for new trial, which was denied by the trial court on October 15, 2007. Howard timely filed his notice of appeal.

By his appeal, Howard presents 16 issues and 5 points of error. Howard's "points" are: (1) Mavis Harrell was negligent, (2) the trial court erred in dismissing Howard's claims against TxDOT on the basis of governmental immunity, (3) the trial court erred in granting summary judgment in favor of Darnell and Austin, (4) the trial court erred in granting summary judgment in favor of Farmers Insurance Group, and (5) the clerk's record on appeal is not complete.

Analysis

We start our analysis by noting that Howard is appealing *pro se*. Texas courts do not maintain separate sets of procedural rules for litigants with counsel and for litigants representing themselves. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Clemens v. Allen, 47 S.W.3d 26, 28 (Tex.App.–Amarillo 2000, no pet.). *Pro se* litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834-35 (Tex.App.–Amarillo 1997, no writ).

As noted above, Howard presents 16 "issues" in his appellate brief. However, Howard presents no specific argument relating to the 16 issues presented. As such, those issues that are not otherwise raised within his five "points" are waived as inadequately briefed. See TEX. R. APP. P. 38.1(h); Lewis v. Deaf Smith Elec. Coop., Inc., 768 S.W.2d 511, 512-13 (Tex.App.–Amarillo 1989, no writ).

**1. Mavis Harrell's Negligence**

By his first "point," Howard contends that Mavis Harrell was negligent and that her negligence was a proximate cause of the accident at issue in this appeal.[2] The jury agreed with Howard and found that Mavis Harrell was negligent. The jury further found that Mavis Harrell's negligence was a cause of the accident. However, the jury found that Howard's negligence was 51 percent responsible for causing the accident. Under the doctrine of

_____

[2] Nothing in Howard's appellate brief challenges the jury's finding that Cathy Harrell was not negligent.

4

proportionate responsibility, a claimant may not recover damages if his percentage of responsibility is greater than 50 percent. Tex. Civ. Prac. & Rem. Code Ann. § 33.001 (Vernon 2008).[3] According to the judgment, it is on this basis that the trial court ordered that Howard take nothing by his claim against Mavis Harrell.

The majority of Howard's argument concerning his first point argues that Mavis Harrell was negligent and that her negligence was a proximate cause of the accident. However, as previously noted, the jury made findings that Mavis Harrell was negligent and that her negligence was a proximate cause of the accident. Howard's only challenge to the dispositive jury finding, that his negligence was 51 percent responsible for the accident, is that "It has been held that a driver may be justified in stopping his vehicle on a road way (sic) if he acts prudently, as where[,] under existing conditions[,] he is compelled to stop to avoid conflict with traffic or to comply with traffic control signals[.]"[4]

The jury is afforded wide latitude in allocating responsibility for an accident under section 33.003. N. Am. Van Lines, Inc. v. Emmons, 50 S.W.3d 103, 126 (Tex.App.–Beaumont 2001, pet. denied). Even if the evidence could support a different percentage allocation of responsibility, an appellate court may not substitute its judgment for that of the jury. Id. Thus, even if this Court may think that a different allocation is more

---

[3] Further reference to provisions of the Texas Civil Practice and Remedies Code will be by reference to "section ___" or "§ ___."

[4] We will presume that, by this argument, Howard is contending that he was not negligent because he acted prudently in the manner in which he stopped his vehicle.

reasonable, we will not disturb the jury findings unless we find that there is insufficient evidence to support the findings. Id.

In the present case, evidence was presented to the jury that, upon approaching the construction site, Howard was distracted by the construction activities and that he was not paying attention to the road ahead of him because he was watching bridge beams being set. Howard testified that he did not see the flagman until his vehicle was approximately 15 feet from the flagman. The flagman testified that he was signaling for Howard to stop his vehicle at that time. Evidence was presented to the jury that Howard stopped suddenly, including Howard's own testimony that he hit his brakes as hard as he could.

We cannot conclude that this evidence establishes, as a matter of law, that Howard acted prudently in the manner in which he stopped his vehicle in the roadway on the occasion in question. Further, we cannot conclude that the jury's allocation of responsibility is so against the great weight and preponderance of the evidence as to require reversal. As such, we cannot say that there was insufficient evidence to support the jury's finding of the allocation of responsibility between the parties. Therefore, we overrule Howard's first point.

**2. TxDOT's Governmental Immunity**

By his second point, Howard contends that the trial court erred in dismissing his negligence claims against TxDOT because TxDOT had actual notice of the claim and a premises defect claim is authorized under the Texas Tort Claims Act. Howard contends that TxDOT had actual notice of his claims because an incident report was prepared by a

6

City of Cleburne Police Officer. Howard also contends that his pleadings asserted a claim for liability for a premises defect against TxDOT.

A governmental unit is entitled to receive notice of a claim against it no later than six months after the day that the incident giving rise to the claim occurred. § 101.101(a). The notice must reasonably describe the damage or injury claimed, the time and place of the incident, and the facts of the incident. Id. However, such notice is not required if the governmental unit has actual notice of the death of, injury to, or damage to property owned by the claimant. See § 101.101(c).

Howard does not contend that he gave formal notice of his claim to TxDOT and the record includes no evidence that Howard gave formal notice of his claim to TxDOT, as required by section 101.101(a). Rather, Howard contends that the incident report prepared by the City of Cleburne Police Officer was sufficient to provide TxDOT with actual notice of his claim. Howard, however, does not explain how a city police incident report could be said to have provided actual notice of a claim to TxDOT, a state agency. Further, even if the incident report were deemed to have provided actual notice to TxDOT, it does not notice a death, injury to Howard, or damage to Howard's property. The incident report, a copy of which is contained in the record, indicates that no party to the accident was killed or injured and further indicates that both vehicles were driven from the scene. In fact, the report's only indication that property damage was sustained is that the "yes" box is checked beside the question, "In your opinion, did this accident result in at least $1,000.00 damage to any one person's property?" At best, this indicates that there was property damage caused by the accident, but nothing in this statement can be said to provide TxDOT with

7

actual notice that the claimant's property had been damaged. Further, notice of injury or property damage is insufficient to provide actual notice of a claim unless the governmental unit also has "a subjective awareness that its fault produced or contributed to the claimed injury [or damage]." Tex. Dep't of Crim. Justice v. Simons, 140 S.W.3d 338, 347-48 (Tex. 2004). Thus, we conclude that the trial court did not err in dismissing Howard's claim against TxDOT for his failure to provide the statutorily required notice.

However, because the trial court dismissed Howard's claims against TxDOT by granting a plea to the jurisdiction, we must consider whether, at the applicable time, Howard's failure to give TxDOT notice was jurisdictional. In 2004, the Texas Supreme Court held that a claimant's failure to comply with section 101.101's notice requirement does not deprive the trial court of subject matter jurisdiction and cannot be properly asserted in a plea to the jurisdiction. See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d 351, 364 (Tex. 2004). This holding was subsequently superseded by statute when the legislature amended section 311.034 of the Texas Government Code to provide that, "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." See TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2008). However, the amendment did not become effective until September 1, 2005 and the legislature did not provide for retroactive application. Tex. Tech Univ. Health Scis. Ctr. v. Lucero, 234 S.W.3d 158, 165-66 (Tex.App.–El Paso 2007, pet. denied).

In the present case, the "day that the incident giving rise to the claim occurred" was January 20, 2004. § 101.101(a). Thus, Howard was required to give notice of his claim

8

within 6 months of that date, or July 20, 2004. Because Howard's notice was due prior to the September 1, 2005 effective date of the amendment to Texas Government Code section 311.034, TxDOT's assertion of a lack of proper notice was a defense to the suit that could have been properly asserted in a motion for summary judgment, but the lack of notice did not deprive the trial court of subject matter jurisdiction and was an improper basis for granting a plea to the jurisdiction. Thus, to the extent that the trial court dismissed Howard's claims against TxDOT on the basis of his failure to comply with section 101.101 depriving the trial court of jurisdiction, the trial court erred.

However, in its plea to the jurisdiction, TxDOT also asserted that governmental immunity has not been waived as to the claims asserted by Howard and that this would justify the trial court's granting of the plea. TxDOT contends that the trial court lacked subject matter jurisdiction because Howard failed to plead facts that affirmatively demonstrate the trial court's subject matter jurisdiction. Whether a pleading alleges facts sufficient to demonstrate the trial court's subject matter jurisdiction is a question of law that is reviewed *de novo*. See Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). In reviewing the granting of a plea to the jurisdiction, we must liberally construe the pleadings in favor of the plaintiff and take the facts pled as true. See Westbrook v. Penley, 231 S.W.3d 389, 405 (Tex. 2007).

In Texas, the doctrine of sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to the suit. Miranda, 133 S.W.3d at 224. It is the plaintiff's burden to plead and prove that governmental immunity has been waived. See Liberty Mut.

9

Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex.App.–Austin 1994, writ denied). The Texas Tort Claims Act provides a limited waiver of governmental immunity for certain causes of action. § 101.025. One such cause of action for which a waiver has been granted is certain claims for premises defects. See § 101.021(2). The elements of proof for a claim asserted under section 101.021(2) are determined by whether the condition is a premises defect or a special defect. § 101.022. However, whether the claim is for a premises or special defect, the plaintiff must prove that the condition of the premises created an unreasonable risk of harm, the owner failed to exercise ordinary care to protect the claimant from danger, and the owner's failure was a proximate cause of injury to the claimant. See Wharton County v. Genzer, No. 13-06-078-CV, 2007 Tex.App. LEXIS 9873, at *9 (Tex.App.–Corpus Christi 2007, no pet.) (memo. op.) (citing State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992)).

In the present case, Howard pled that TxDOT is liable for a premises defect because it failed to properly post warning signs about the roadwork and supervise Austin and Darnell in the performance of their duty to warn motorists of the roadway obstruction. Howard contends that the construction area constituted an unreasonably dangerous condition for which TxDOT owed a duty to use reasonable care, caution, and prudence in warning motorists of the danger. Howard also contends that TxDOT's breach of this duty was the proximate cause of his physical injuries and property damage sustained as a result of the accident.

Nothing in Howard's pleading identifies facts that would, if taken as true, subject TxDOT, a governmental agency, to suit. Each of Howard's allegations relating to TxDOT

10

are legal conclusions unsupported by facts which would allow this Court or the trial court to assess whether the premises created an unreasonable risk of harm, TxDOT failed to exercise ordinary care to protect Howard from danger, and TxDOT's failure to exercise reasonable care was a proximate cause of Howard's injuries.[5]  Thus, we conclude that Howard has failed to "allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause."  Miranda, 133 S.W.3d at 226.  Accordingly, we conclude that the trial court did not err in dismissing Howard's claims against TxDOT for want of jurisdiction.  As such, we overrule Howard's second point.

**3. Austin's Negligence**

By his third point, Howard contends that the trial court erred in granting summary judgment in favor of Austin.[6]  Austin's motion for summary judgment contended that there was no evidence that Austin breached a duty of care, Austin was a proximate cause of the accident, and Howard sustained damages as a result of any act or omission of Austin.

After adequate time for discovery, a party may move for a summary judgment as to all or any part of a lawsuit on the basis that there is no evidence of one or more essential

---

[5] Our holding on this point is limited to a review of the pleadings and jurisdictional evidence before this Court.  Our opinion is not intended to imply that pleadings must identify every factual detail relating to a claim.  However, in a suit against a governmental agency, the pleadings must plead facts that, if taken as true, would enable the trial court to determine that the claimant has stated a claim for which immunity has been waived.  See Miranda, 133 S.W.3d at 226.

[6] While Howard mentions Darnell as an employee of Austin in his argument of this point, Howard does not challenge, either generally or specifically, the trial court's grant of summary judgment in favor of Darnell.  See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 120 (Tex. 1970).

elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). A no-evidence summary judgment is essentially a pretrial directed verdict and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. See Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied). We review the evidence in the light most favorable to the respondent against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. See Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Roth, 994 S.W.2d at 195. A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact as to the element on which the motion is based. Id. More than a scintilla of evidence exists when such evidence rises to a level that would enable reasonable and fair-minded persons to differ in their conclusions. Id. Less than a scintilla of evidence exists to support a fact when the evidence is so weak as to do no more than create a mere surmise or suspicion of the fact. See Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

In the present case, the only evidence admitted prior to the trial court's ruling on Austin's motion was the City of Cleburne Police accident report. Nothing in this document establishes that Austin owed Howard a duty, Austin breached this duty, Howard sustained injuries or property damage, or Austin's negligence caused any damages suffered by Howard. In fact, the accident report makes no reference to Austin. In response to Austin's motion for summary judgment, Howard filed a "motion to quash" defendants' summary

judgment.  In this motion to quash, Howard repeatedly cites a transcript of a deposition of Darnell.  However, the deposition transcript cited by Howard is not part of the appellate record and does not appear to have been filed with the trial court before it ruled on the summary judgment motion.

Because there was no evidence presented to the trial court, after adequate time for discovery, that Austin breached a duty of care, Austin was a proximate cause of the accident, and Howard sustained damages as a result of any act or omission of Austin, we affirm the trial court's grant of summary judgment in favor of Austin and overrule Howard's third point.

## 4. Farmers Insurance Group's Negligence

By his fourth point, Howard appears to contend that the trial court erred in granting summary judgment in favor of Farmers Insurance Group.  This point, however, fails to cite any authority nor provide any substantive discussion of how the trial court erred.[7]  As a result, we deem this point to have been waived.  See Knie v. Piskun, 23 S.W.3d 455, 460 (Tex.App.–Amarillo 2000, pet. denied); Lewis, 768 S.W.2d at 512-13.

## 5. Completeness of Clerk's Record

By his fifth point, Howard contends that the clerk's record was not filed, is missing, or the judge is hiding it.  Howard contends that he has filed three requests for files to be

---

[7] The entire argument for this point is "Summary judgment of Farmers Insurance Group's.  The Medicare secondary payer provisions of statute, 42 CER 11395Y(B) (2) can reasonably be expected to be made — under no-fault insurance."

sent to this Court.  However, the clerk's record in this case was filed on January 9, 2008.

Further, a supplemental clerk's record was filed on June 6, 2008.  Because the appellate

record includes what appears to be a complete clerk's record and because Howard has not

specified the nature of his complaint regarding the clerk's record, we overrule Howard's

fifth point.

## Conclusion

Having found no error in the trial court's rulings in this cause, we affirm the trial

court's judgment.


Mackey K. Hancock
Justice


14