NO. 07-08-0348-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 20, 2009

______________________________

CHRISTOPHER MILLS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-03-6403; HONORABLE PAT PHELAN, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION ON MOTION FOR REHEARING

          Remaining convinced that our original disposition of Appellant’s appeal is correct,
we overrule Appellant’s motion for rehearing with these additional comments. Appellant,
Christopher Mills, contends this Court erred in failing to first address his legal sufficiency
issue (Issue One) because a successful challenge would have resulted in an acquittal on
the first-degree felony offense of aggravated assault pursuant to § 22.02(b)(1) of the Texas
Penal Code. Specifically, Appellant contends that there was no evidence that the
complainant’s injuries rose to the level of serious bodily injury, i.e., injuries creating a
substantial risk of death or that causes death, serious permanent disfigurement, or
protracted loss or impairment of the function of any bodily member or organ.

          A court of appeals is required to address every issue “necessary to final disposition
of the appeal.” Tex. R. App. P. 47.1. Because Appellant’s third issue (improper jury
argument committed during the guilt-innocence stage of the trial) had the effect of setting
aside his conviction, resolution of Appellant’s legal sufficiency issue was not necessary to
a final disposition of his appeal.
          Furthermore, since the trial court submitted a charge on the second-degree felony
offense of aggravated assault by the use of a deadly weapon, a finding of legal
insufficiency as to the issue of serious bodily injury would have required this Court to
reform the judgment to reflect a conviction as to that lesser included offense. Collier v.
State, 999 W.W.2d 779, 782 (Tex.Crim.App. 1999). Reversal and remand for a complete
new trial accords Appellant greater relief than a remand for purposes of punishment only. 
Therefore, not only did the prior opinion of this Court address every issue necessary to final
disposition of this appeal, it also did not improperly fail to address the issue that afforded
Appellant the greater relief. 
          That said, even if this Court were to consider Appellant’s legal sufficiency challenge
in accordance with the standards which are well known, we find that a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hooper v. State, 214
S.W.3d 9, 13 (Tex. 2007). Considered in the light most favorable to the verdict: (1) the
complainant suffered seven stab wounds to her head, neck, chest, hand, and back, (2) the
head wound involved temporal artery bleeding, (3) the chest wound entered her chest right
above her heart, (3) these injuries required exploratory surgery to determine whether they
were life threatening, (4) treatment required surgery, numerous stitches, a drain tube, and
the insertion of a breathing tube for five days, (5) her treating physician described the
wound by the heart, the injury to the airway requiring a breathing tube and the injury to the
head involving major blood vessels to the brain as creating a substantial risk of death, (6)
the complainant testified that, without the breathing tube down her throat, she could not
breathe, and (7) Detective Hancock testified that the five inch long, double-bladed knife
used to inflict the wounds was, in his opinion, a deadly weapon capable of causing serious
bodily injury. Appellant’s motion for rehearing is overruled.
 
                                                                           Patrick A. Pirtle

                                                                                  Justice

 
Do not publish.       

t for the breach, the
claimant possibly would have had a better outcome is not sufficient. See Bowie Mem.
Hosp. v. Wright, 79 S.W.3d 48, 53 (Tex. 2002). Thus, because the Davis reports fail to
explain how the failure to disinfect or monitor the wound caused the infection, even when
viewed in a light most favorable to Shults, they are too conclusory to constitute more than
a scintilla of evidence of causation.

 Further, the deposition testimony of Bryan Bullard, D.P.M., Shults's podiatrist, never
addresses any causal connection between the nurses' treatment of the foot injury and the
subsequently developed infection. Likewise, the testimony of Primitivo Cuellar fails to
identify any causal connection between BSA's treatment and the infection.

 Therefore, after reviewing all the record evidence, we find it insufficient to show more
than a scintilla of evidence regarding causation. That being so, the trial court did not err
in granting summary judgment as to Shults's claims of healthcare liability.

 In summary, none of Shults's issues reveal reversible error. They are, therefore
overruled, and the judgment of the trial court is affirmed. 

 John T. Boyd

 Senior Justice 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. 75.002(a)(1) (Vernon Supp. 2004). 
2. See Tex. Civ. Prac. & Rem. Code Ann. 16.003(a) (Vernon 2002).
3. See Tex. R. Civ. P. 166a(c). 
4. See Tex. R. Civ. P. 166a(i). 
5. Formerly article 4590i of the Texas Revised Civil Statutes. Act of May 5, 1995, 74th
Leg., R.S., ch. 140, 1995 Tex. Gen. Laws 985-87 (repealed 2003) (current version at Tex.
Civ. Prac. & Rem. Code Ann. 74.001-74.507 (Vernon 2005). Further references to
subsections of article 4590i will be by reference to "section ___."
6. The significance of whether Shults's claims constitute healthcare liability claims 
(based upon the undisputed evidence that Shults gave appropriate notice of healthcare
liability claims under article 4590i) is the statute of limitations was tolled for 75 days on any
such claim. See section 4.01(c). Therefore, Shults's claims were timely filed to the extent
they asserted healthcare claims.
7. We note that Shults attempts to present two issues in his appellate brief relating to
"new and independent cause." However, he wholly fails to brief this issue or support it by
citation to authority. We therefore deem those issues waived. See Knie v. Piskun, 23
S.W.3d 455, 460 (Tex. App.-Amarillo 2000. pet. denied); Lewis v. Deaf Smith Electric
Cooperative, Inc., 768 S.W.2d 511, 512-13 (Tex. App.-Amarillo 1989, no writ).
8. Shults presented an issue contending that the trial court erred in granting summary
judgment because it relied upon conclusory opinions favorable to BSA stated by Jan Willis,
R.N. However, as review of a no-evidence summary judgment, both at the trial level and
on appeal, is limited to evidence of causation viewed in a light most favorable to the non-movant, we cannot see that such a conclusory opinion contained in the affidavit could, or
would, affect the propriety of the trial court's summary judgment. 
9. Shults challenges the sufficiency of BSA's motion by contending that it failed to
specify the element of his action upon which no evidence was produced. However, we
conclude that BSA's recitation in its motion that "[p]erhaps the most important evidence of
the Plaintiff's failure to carry his burden of proof on the issue of causation . . ." was
sufficient to identify causation as an element that was being challenged. See Roth v. FFP
Operating Partners, L.P., 994 S.W.2d at 195.